HOLLIS, Appellee,

v.

HOLLIS, Appellant.

[Cite as *Hollis v. Hollis* (1997), 124 Ohio App.3d 481.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71642.

Decided Dec. 15, 1997.

*Sally A. Prentice*, for appellee.

*Paul Mancino, Jr.*, for appellant.

---

TIMOTHY E. MCMONAGLE, Judge.

Defendant-appellant, John L. Hollis, appeals from the order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in which it disqualified his counsel, Paul Mancino, from representing him when it granted the pretrial motion of plaintiff-appellee, Rosemary Hollis, wherein she requested the court to disqualify appellant's counsel from representing him in the action for divorce she initiated against him. For the reasons stated below, we reverse the decision of the trial court.

The record reflects the following facts relevant to the issues in this appeal. The parties were married December 7, 1991. On June 6, 1995, appellee filed a complaint for divorce against appellant. During the following year, pretrials were held, discovery was had, and the court set the matter for trial to commence on October 23, 1996. However, on September 3, 1996, appellee moved the court to disqualify appellant's counsel, Paul Mancino, alleging that Mancino had previously represented her in a workers' compensation matter, rendering his representation of appellant in the divorce action in violation of the Code of Professional Responsibility. Specifically, she alleged that by that representation, Mancino violated Canon 9 (by giving the appearance of impropriety), Canon 5 (by creating a conflict of interest), and DR 5–101 (his professional judgment has been impaired by his personal interest in the case) of the Code.

On September 13, 1996, counsel for appellant filed a brief in opposition to the motion to disqualify him, averring that his representation of appellee had been in an entirely unrelated matter: it occurred in 1988, prior to the marriage of the parties; he was not privy to financial information; and all information that he possessed about the appellee was able to be obtained from public records. The same day, appellant also moved the court to disqualify appellee's counsel on the basis that appellee did not meet the indigency requirements of R.C. 120.51 *et seq.*, governing the Legal Aid Society, but was being represented by a Legal Aid attorney. On October 11, counsel for appellee, a Legal Aid attorney, as counsel for appellee, moved the court to permit him to withdraw from further representation of appellee on the basis that appellee was no longer eligible to receive services of Legal Aid. R.C. 120.51 *et seq.*

On October 22, the eve of the trial, while the motions requesting the court to disqualify counsel for both appellant and appellee and appellee's counsel's motion for leave to withdraw were still pending, appellee's counsel moved the court to

continue the trial date and requested the court to rule on the outstanding motions to disqualify appellant's counsel and her motion for leave to withdraw as counsel for appellee. On October 24, 1996, the court entered its judgment wherein it granted appellee's motion for disqualification of appellant's counsel, Paul Mancino, and granted appellee's counsel's motion for leave to withdraw from representation. Appellant timely appeals the order of the trial court by which it disqualified his counsel and presents two assignments of error for our review.

### ASSIGNMENT OF ERROR NO. I

"Defendant was denied due process of law when the court ruled upon disputed factual matters without a hearing."

### ASSIGNMENT OF ERROR NO. II

"The court abused its discretion in granting the motion to disqualify as insufficient grounds were alleged."

Initially, we note that R.C. 2505.02, as relevant to this case, provides that "an order that affects a substantial right made in a special proceeding * * * is a final order that may be reviewed, affirmed, modified or reversed, with or without trial." The grant of a pretrial motion to disqualify counsel in a civil matter is an order that involves a substantial right. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695. To be final and appealable, an order that affects a substantial right must also be made in a "special proceeding." *Walters v. Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 676 N.E.2d 890. " 'There was no common-law right of divorce. Divorce is purely a matter of statute.' *Jelm v. Jelm* (1951), 155 Ohio St. 226, 231, 44 O.O. 246, 248, 98 N.E.2d 401, 404. 'Divorce, therefore, has been described as a "special statutory proceeding." ' *Dansby v. Dansby* (1956), 165 Ohio St. 112, 113, 59 O.O. 129, 129, 133 N.E.2d 358, 359." *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889, 894–895.

Accordingly, this court has jurisdiction to review an order of the court that disqualifies counsel in a civil matter where the decision was made in a special proceeding, here an action for divorce.

We address appellant's second assigned error first. Appellant contends that it was an abuse of the trial court's discretion to order the disqualification of counsel where there was insufficient evidence before the court to support appellee's allegations and, consequently, insufficient evidence to support disqualification of his counsel. We agree.

The trial court has the inherent authority to supervise members of the bar appearing before it, and this necessarily includes the power to disqualify

counsel in specific cases. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33–34, 27 OBR 447, 448–450, 501 N.E.2d 617, 619–620; *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 259, 31 OBR 459, 461–462, 510 N.E.2d 379, 381–382. The trial court has wide discretion in the consideration of motions to disqualify counsel. *Royal Indemn., supra.* The determination of the trial court will not be reversed upon appeal in the absence of an abuse of discretion. *Centimark Corp. v. Brown Sprinkler Service, Inc.* (1993), 85 Ohio App.3d 485, 620 N.E.2d 134; *Musa v. Gillette Communications of Ohio, Inc.* (1994), 94 Ohio App.3d 529, 641 N.E.2d 233; *Mentor Lagoons, supra.* The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. A decision is unreasonable if there is no sound reasoning process that would support the decision. *Centimark, supra.*

A trial court should be mindful that disqualification is a drastic measure. *Musa, supra,* 94 Ohio App.3d at 533, 641 N.E.2d at 236. In *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio* (C.A.6, 1990), 900 F.2d 882, 885, the United States Sixth Circuit Court of Appeals put forth the three-part test for the disqualification of counsel, stating that the court should determine (1) whether a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify, (2) whether the subject matter of those relationships is substantially related, and (3) whether the attorney acquired confidential information from the party seeking disqualification. *Id.* at 889. The moving party bears the burden of demonstrating the need to disqualify counsel. *Centimark, supra.*

The moving party is required to present some evidence to suggest that the former representation is substantially related to the present action. Unsupported allegations are insufficient. *Morgan v. North Coast Cable Co.* (1992), 63 Ohio St.3d 156, 586 N.E.2d 88. More is required than an allegation of an ethical violation by an attorney. *Centimark, supra.* Allegations of ethical violations, if not supported by the record, will not justify such drastic action. *Musa, supra,* at 534, 641 N.E.2d at 236–237. "[A] court should not deny the opposing party its choice of counsel solely upon an allegation of a conflict." *Centimark, supra,* 85 Ohio App.3d at 489, 620 N.E.2d at 137.

With these standards in mind, we review the action taken by the trial court in the matter *sub judice.* In making its decision to disqualify counsel for appellant, the trial court had before it the motion of appellee, verified by her as to the truth of the allegations as stated. In her motion to disqualify appellant's counsel, appellee alleged that while she was represented by appellant's counsel, Paul Mancino, in a previous workers' compensation matter, she imparted confidences

to him regarding family history, resources and other marital information. She contended that Mancino's continued representation would constitute the ethical violations of a conflict of interest, an appearance of impropriety, and impairment of his independent judgment. In the opposition brief, it is conceded that Paul Mancino did represent appellee in an unrelated workers' compensation matter, but this representation took place in 1988, three years prior to her marriage; his representation did not require knowledge of financial resources and, further, all information that Mancino obtained is available in public records. The court, with only this information before it, disqualified appellant's counsel, Paul Mancino.

When we review the information which the trial court had before it in light of the three-part test required by the court in *Dana, supra,* we find that the allegations of appellee, without more evidence, are insufficient to support an order of disqualification of counsel. It is undisputed that an attorney-client relationship existed between appellee and appellant's counsel in 1988, three years before the marriage of the parties that is the subject of these divorce proceedings, in which appellant's counsel represented appellee in a workers' compensation matter; however, no evidence was presented to the court to support appellee's position that the subject matter of the representation was substantially related to the divorce action, nor was there evidence that appellant's counsel had acquired confidential information from appellee. Although a hearing could have been held during which appellee may have established that without a disqualification of counsel, confidences or secrets gained in the prior attorney-client relationship would be used to her detriment, the trial court failed to conduct such a hearing. Consequently, we find that no sound reasoning process supports the trial court's grant of appellee's motion to disqualify counsel without the required demonstration of the need to do so. "As the court held in *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 601 N.E.2d 56, disqualification should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint." *Jackson v. Bellomy* (1995) 105 Ohio App.3d 341, 349, 663 N.E.2d 1328, 1333; see, also, *In re Frazier* (Feb. 4, 1994), Cuyahoga App. No. 63567, unreported. Based upon the foregoing, the decision of the trial court is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.

Upon consideration of our analysis and determination of appellant's second assigned error, we find appellant's first assignment of error to be moot.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, C.J., and NAHRA, J., concur.