OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Mitchell Verbic, appeals a decision of the Portage County Court of Common Pleas, Domestic Relations Division, in a divorce case issued November 16, 1998. The following facts are relevant to a determination of this appeal.
Appellant and appellee, Kristen Verbic, were married on October 1, 1994. One child, Autumn, was born as issue of the marriage. Another child, Zachary, son of appellee, was adopted by appellant during the course of the marriage. On November 11, 1997, appellee filed a complaint for divorce in the trial court. The parties stipulated to incompatibility as grounds for divorce. The matter proceeded to a two-day trial before the trial court judge. On November 16, 1998, the trial court entered final judgment, naming appellee as the primary residential caretaker and legal custodian of the minor children. Appellant was ordered to pay child support in the amount of $211 per month per child. Additionally, appellant was awarded the marital residence which had no equity, and the parties were to split the household furnishings other than the children's bedroom furniture which would go to appellee. Finally, the parties owned a power washing business which was awarded to appellant and he was ordered to pay $2,000 to appellee for her half-interest in the business. Neither party had to pay spousal support.
Appellant timely filed a notice of appeal and has now set forth three assignments of error. In the first assignment of error, appellant contends that appellee's trial attorney had a conflict of interest and should have been removed from the case. Specifically, appellant claims that appellee's trial counsel had represented both parties prior to the divorce during the adoption proceedings for Zachary, and when the parties purchased the power washing business, Custom Clean Care.
It is well established in Ohio that errors which arise during the course of a trial, which are not brought to the court's attention, are waived and may not be raised on appeal. StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. In the casesub judice, there is nothing in the record before us to indicate that appellant ever raised this issue or objected to the representation by appellee's attorney. While there is some indication that this issue may have been raised in front of a magistrate, the proceedings before that magistrate were not made part of the record. Thus, appellant has waived this issue.
Additionally, the past representation of one or both of the parties does not, in and of itself, establish a conflict of interest. Hollis v. Hollis (1997), 124 Ohio App.3d 481, 484-485. The key question in such a scenario is whether the attorney acquired confidential information from the party seeking disqualification so as to be prejudicial in the present representation. Id. at 485, citing Dana Corp. v. Blue Cross Blue Shield Mut. of N. Ohio (C.A. 6, 1990), 900 F.2d 882, 889, see, also, Morgan v. North Coast Cable Co. (1992), 63 Ohio St.3d 156
(adopting the test set forth in Dana, supra). In the instant case, it is clear that appellant has failed to indicate what information was confidential or how he was prejudiced by the use of that information.
Based upon the foregoing analysis, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred in its division of marital assets and marital debts. Specifically, appellant claims that the trial court's treatment of a number of items was error. First, appellant objects to the fact that the trial court awarded him the marital premises when this property had no equity. We fail to see how this could have been error. If appellant does not want to keep the home, he can sell it. Having no equity, the home was neither an asset nor a debt. Appellant submits that the house is in foreclosure, which could be now considered a debt. However, all indications are that the house is in foreclosure because appellant has failed to make the mortgage payments since the divorce.
Next, appellant argues that the marital debts should have been divided equally rather than all being made his responsibility. The record demonstrates, however, that appellant was not saddled with all of the marital debt. Appellee was responsible for some of the debt. More importantly, however, is the fact that the trial court, in dividing the marital debt as it did, was simply extending a prior temporary order of the court entered by a magistrate on December 8, 1997. It is clear from a review of the record that appellant never objected to the magistrate's order and, thus, appellant is prohibited from claiming as error the allocation of marital debts when the trial court subsequently adopted the magistrate's decision.
Additionally, the Supreme Court of Ohio has held that a trial court is vested with broad discretion in dividing marital property and a reviewing court should not substitute its judgment for that of the trial court absent an abuse of discretion. Bisker v.Bisker (1994), 69 Ohio St.3d 608, 609. In the present case, appellant has failed to demonstrate that the trial court's division of marital debt was arbitrary, unreasonable or unconscionable.
Third, appellant submits that it was error for the trial court to require him to carry hospitalization on the parties' children. He claims that since he is self-employed, it would be far less of a burden for appellee to provide hospitalization because she has full coverage provided by her employer.
While appellee has coverage available to her through her employer, it is not free of charge. She must pay a monthly premium, just as appellant would if he purchased hospitalization coverage. Thus, it would be a burden for either party to have to provide hospitalization. Hence, the fact that appellant was ordered to provide hospitalization, in and of itself, cannot reach the crest of being considered an abuse of discretion.
Finally, appellant argues that in light of the fact that the parties earn roughly the same income — $23,000 for appellant versus $22,000 for appellee — he received an exceptionally high proportion of the marital debt. This contention is not supported by the record. While appellant was made responsible for approximately $10,000 in marital debts, appellee was ordered to assume a debt to Star Bank. The amount of that debt does not appear in the record before us and we cannot place an arbitrary value on it. Appellant has failed to meet his burden of establishing an abuse of discretion on the part of the trial court in apportioning the marital debt. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant asserts that the trial court erred in awarding appellee custody of the parties' children. Appellant contends that the trial court failed to take into account the best interests of the children in making its determination. Appellant bases his argument on the trial court's failure to specifically allude to the best interests of the children or to consider the factors listed in R.C. 3109.04(F)(1). Additionally, appellant claims that the trial court did not consider the report of Helen Kravetz, a social worker ordered by the court to conduct an investigation into the parenting situation, who recommended appellant be named primary residential caretaker.
Initially, we note that a decision of the trial court involving the custody of a child is accorded great deference upon review. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Thus, the judgment of the trial court will not be reversed absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. R.C. 3109.04(F)(1) provides that when a trial court is determining the best interests of a child, it shall consider all relevant factors, including, but not limited to:
"(a) The wishes of the child's parents regarding his care;
 "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment of his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 In the present case, the trial court was presented with substantial evidence relevant to the foregoing factors. While the trial court did not specifically state that it had considered these factors in reaching its determination, we must presume, in the absence of evidence to the contrary, that the court followed the law and considered these factors. Meyer v. Anderson
(Apr. 18, 1997), Miami App. No. 96CA32, unreported, at 7, (1997 WL 189383); Ingle v. Ingle (Nov. 16, 1994), Clark App. No. 3096, unreported, at 2, (1994 WL 667183). Additionally, while the report of Helen Kravetz recommended that appellant be named the primary residential caretaker of the children, the report of the Guardian Ad Litem, Theresa Farwell, contradicted many of the findings made by Kravetz and favored appellee as the primary caretaker. Thus, the trial court was required to make the ultimate decision, based upon the facts presented.
 Upon review of the entire record, we cannot conclude that the trial court abused its discretion in determining that it was in the children's best interests to designate appellee as their primary caregiver. Appellant's third assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.