DECISION AND JUDGMENT ENTRY
Philip Gene Kline appeals various judgments entered by the Scioto County Court of Common Pleas in his action against Carl Morgan, Anissa Stainer, Pete Butler and Dean Tassler. Appellant assigns twenty errors that are specifically listed in the appendix to this decision. Some of the assigned errors are difficult to understand and many challenge the same actions by the trial court. In sum, appellant asserts that the trial court erred in failing to dismiss appellees' counsel from this case, failing to join this case with a case filed against appellant in Franklin County, failing to "act on" numerous motions filed by appellant and dismissing appellant's complaint.
Appellant leased a backhoe from the Holt Company of Ohio ("Holt"). Appellees are all employees of Holt who dealt with appellant at various times. Appellant filed a complaint against the appellees alleging that they had ignored his attempts to communicate with them, that they had overcharged him for the use of the equipment, that he had been unable to utilize the equipment, and that he suffered extensive damages. Holt was listed on the complaint as the address of appellees but was not named as a party to the action and no service was made on Holt.
Approximately two weeks after appellant filed his lawsuit against appellees, Holt sued appellant in the Franklin County Court of Common Pleas. Holt alleged that appellant failed to make payments as required by the lease agreement and failed to return the backhoe.
Appellant filed a motion to remove appellees' attorney and law firm from this case, alleging that defense counsel had formerly represented him, but provided no other information. Appellees filed a memorandum in opposition to this motion asserting that defense counsel had never represented appellant though his firm had provided legal services to L.W. Kline and Son, Inc. approximately ten years previously. The previous representation related to the company's insolvency. The court denied appellant's motion.
Appellees filed a motion to dismiss appellant's complaint or, in the alternative, for a more definite statement. The court overruled the motion to dismiss but sustained the motion for a more definite statement. Appellant was ordered to amend his complaint within fourteen days and was notified that failure to do so could result in sanctions as outlined in Civ.R. 12(E). Appellant failed to file an amended complaint and appellees filed a second motion to dismiss, requesting dismissal under Civ.R. 41(B).
The trial court dismissed appellant's complaint under Civ.R. 41(B) and appellant filed a timely appeal.
Given the confusing nature and duplicity of many of appellant's assignments of error, we will address them out of order.
Appellant's eighth assignment of error alleges that the trial court erred in failing to remove defense counsel from this case. As the Ohio Supreme Court stated in Mentor Lagoons, Inc. v. Rubin (1987),31 Ohio St.3d 256, 259 (citations omitted), "[a] trial court has the `inherent power to regulate the practice before it and protect the integrity of its proceedings * * *' including the `authority and duty to see to the ethical conduct of attorneys * * *." Thus, the trial court possesses the authority to disqualify an attorney from representing clients if the attorney cannot conduct such representation and remain in compliance with the Code of Professional Responsibility. Id. (citation omitted).
We will not disturb the decision of the trial court in a matter of ethical considerations absent an abuse of discretion. Janis v. CastleApartments, Inc. (1993), 90 Ohio App.3d 224, 230; Kitts v. U.S. HealthCorp. (1994), 97 Ohio App.3d 271. An abuse of discretion is more than an error of law or judgment; it implies an unreasonable, unconscionable, or arbitrary decision which is "palpably and grossly violative of fact and logic * * *." State v. Jenkins (1984), 15 Ohio St.3d 164, 222 (citation omitted).
The past representation of one or both of the parties does not, in and of itself, establish a conflict of interest. Hollis v. Hollis (1997),124 Ohio App.3d 481, 484-485. The key question in such a scenario is whether the attorney acquired confidential information from the party seeking disqualification so as to be prejudicial in the present representation. Id. at 485, citing Dana Corp. v. Blue Cross Blue ShieldMut. (C.A.6, 1990), 900 F.2d 882, 889; see, also, Morgan v. North CoastCable Co. (1992), 63 Ohio St.3d 156 (adopting the test set forth inDana, supra).
In the instant case, appellant has failed to even establish that he was previously represented by defense counsel or his firm. Appellant has not demonstrated a connection with L.W. Kline and Son, Inc. such that he would personally be represented by the company's counsel. Further, even assuming that such an attorney-client relationship existed, appellant has failed to indicate that any confidential information known to defense counsel would relate to this transaction or that he would be prejudiced by the use of any such information. Therefore, the trial court did not abuse its discretion in denying appellant's motion to remove defense counsel from this case. Appellant's eighth assignment of error is overruled.
Appellant's third, fourth, fifth, tenth and thirteenth assignments of error all pertain to actions taken by the Franklin County Court of Common Pleas. Art. IV, Section 3(B)(2) of the Ohio Constitution states that "[c]ourts of appeals shall have jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district * * *." The location of a trial court dictates which appellate district has jurisdiction over the cases decided by that court. See State v.Fawcett(Oct. 18, 1999), Wood App. No. WD-99-062, unreported, citingGilley v. Dibling (Feb. 17, 1993), Wood App. No. 92WD103, unreported. R.C. 2501.01 delineates which counties are included in each appellate district. Franklin County is within the jurisdiction of the Tenth Appellate District. Therefore, we are without jurisdiction to review decisions made by the Franklin County Court of Common Pleas. Any appeals from its decisions must be brought in the Tenth District Court of Appeals. Appellant's third, fourth, fifth, tenth and thirteenth assignments of error are dismissed for lack of jurisdiction.
In assignments of error two, nine, twelve and fourteen, appellant argues that the trial court erred in not recognizing Holt as a defendant and in not invoking jurisdiction over the Franklin County case in Scioto County. An examination of the complaint filed by appellant reveals that Holt was never included as a defendant. Further, there is no proof of service on Holt in the record.
Admittedly, appellant filed his complaint in Scioto County before Holt filed its complaint against appellant in Franklin County. Civ.R. 13(A) states that
 [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.
Here, Holt was not a party to the lawsuit filed by appellant in Scioto County. Therefore, Holt could not file its claim against appellant as a counterclaim even though it arose from the same transaction. Furthermore, appellant has cited no authority that would allow the trial court to require that Holt submit its case against appellant to the court's jurisdiction. In fact, the lower court has never had any jurisdiction over Holt in this case.
Appellant did file a motion to join Holt under Civ.R. 19(A), which the trial court denied. The proper procedure for naming Holt as a defendant would have been to amend the complaint under Civ.R. 15. Furthermore, appellant did not file the motion to join Holt as a defendant until after Holt had filed its complaint against appellant in Franklin County. Therefore, appellant's complaint against Holt should have been brought as a counterclaim in that action.
For these reasons, the trial court did not err in failing to recognize Holt as a defendant or failing to require that the Franklin County action be heard in Scioto County. Therefore, appellant's second, ninth, twelfth, and fourteenth assignments of error are overruled.
Appellant's seventeenth, nineteenth, and twentieth assignments of error assert that the trial court erred in dismissing appellant's complaint. We review a trial court's dismissal of a complaint with prejudice under a heightened abuse of discretion standard. Sazima v. Chalko (1999),86 Ohio St.3d 151, 158, citing Jones v. Hartranft (1997),78 Ohio St.3d 368, 372.
Civ.R. 12(E) provides that:
 If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
Here, the trial court ordered appellant to file an amended complaint within fourteen days to correct the defects complained of by appellees. The court notified appellant that failure to comply with the order could result in the sanctions outlined in Civ.R. 12(E).
Appellant failed to file an amended complaint and appellees filed a motion to dismiss requesting a dismissal pursuant to Civ.R. 41(B). Civ.R. 41(B)(1) states that:
 Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
The court issued a notice of non-oral hearing and appellant submitted a motion in opposition to appellees' motion to dismiss. In his motion in opposition, appellant argued that the trial court did not have jurisdiction to conduct the hearing. Appellant did not, however, file an amended complaint or a more definite statement. Thereafter, the court struck appellant's complaint for failing to comply with the court's order and dismissed the action.
Civ.R. 41(B)(1) requires that the court give prior notice of its intent to dismiss with prejudice in order to give the non-complying party a final chance to obey. Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48; Rankin v. Willow Park Convalescent Home (1994),99 Ohio App.3d 110, 112. A party has notice of an impending dismissal with prejudice for failure to comply with a court's order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Quonset Hut, 80 Ohio St.3d at syllabus; see, also, id. at 48 (stating that a party may have notice of an impending dismissal when the party is aware that the opposing party has filed a motion to dismiss). "The purpose of notice is to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Id., 80 Ohio St.3d at 48, quoting Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128 (internal quotation omitted).
In this case, the court notified appellant that it would consider striking the complaint if he failed to comply with its order to file an amended complaint. Appellees filed a motion to dismiss specifically requesting dismissal pursuant to Civ.R. 41(B). Further, appellant responded to appellees' motion to dismiss, though he still did not comply with the court's order. Based on these facts, it is clear that appellant had notice that the court would consider striking his complaint if he did not comply with its order and an opportunity to comply with the order.
Because the requirements of Civ.R. 41(B) were satisfied, the trial court did not abuse its discretion in dismissing appellant's complaint for failure to comply with its order. Therefore, assignments of error seventeen, nineteen and twenty are overruled.
Appellant's remaining assignments of error either assert that the trial court "failed to act" on various motions or are unclear. A review of the record reveals that the trial court specifically ruled on appellant's motions. Further, any motion which is not directly addressed by a trial court is impliedly overruled. Takacs v. Baldwin (1995),106 Ohio App.3d 196, 209; State v. Todd (Aug. 9, 1996), Pickaway App. No. 96CA01, unreported. In sum, the trial court properly ruled on the numerous motions filed by appellant.
Under App.R. 16(A)(7), an appellant's brief must include an argument containing the appellant's contentions with respect to each assigned error and reasons in support of the contentions, along with citations to authorities on which the appellant relies. Some of appellant's assigned errors are indecipherable and the arguments contain little or nothing in the way of support for the assigned error.
For example, appellant's first assigned error alleges that the trial court violated appellant's right to life and liberty and to be free from unreasonable searches and seizures. Appellant maintains that the court violated these rights by denying every motion he filed. However, appellant has cited no authority to support his contention that the mere denial of a motion by a trial court violates a litigant's constitutional rights, absent other factors.
In conclusion, we find that the remaining errors that appellant has assigned have no merit.
Having found no merit in any of appellant's assignments of error, we affirm the judgment of the trial court.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
 _______________________ William H. Harsha, Judge
APPENDIX
1. The trial court did error [sic] by choosing to ignore Appellant's Constitutional Rights provided by the 1851 Ohio Constitution, Art. I, Sect. 1, Inalienable Rights; Art. I, Sect. 14, Search and Seizure; Art. I, Sec. 16, Redress for injury; due process;
2. The trial court did error [sic] by failing to invoke proper jurisdiction and venue, which is Scioto County, the place where the injury happened;
3. The trial court did error [sic] by conducting ex parte proceedings and did not notify Appellant that they were taking place; see Case History, page 1, item numbers 9, 12 and 14, see page iii, Franklin County;
4. The trial court did error [sic] by failing to complete Service OfProcess- "Complaint" was never served upon the Appellant, see CaseHistory, page iii, page 2, item number 29 and 30, Franklin County;
5. The trial court did error [sic] by acting upon "Plaintiff's Motion ForOrder Requiring Defendant to Appear And Show Cause Why He Should Not BeHeld In Contempt", see Case History, page iii, page 2, item number 30, Franklin County;
6. The trial court did error [sic] by failing to address and act timely on Plaintiff's "Complaint", filed November 15, 1999;
7. The trial court did error [sic] by failing to timely address and act on Plaintiff's "Memorandum In Support", specifically Exhibit "A", theLease Purchase Agreement, Plaintiff, filed December 3, 1999;
8. The trail [sic] court did error [sic] by failing to remove Defendants [sic] lawyer, Larry J. McClatchey, having been this Plaintiff's attorney previously, as Plaintiff-Appellant made three (3) Motions objecting to McClatchey, filed December 20, 1999, January 5, 2000, and January 5, 2000, a 2nd Motion;
9. The trial court did error [sic] by failure to act on the "Motion ForConsolidation Of Cases-Joinder Of Parties And Compulsory Counterclaim," the court did not recognize this Motion and including a no response; failed to act on Civ R 13 (A), Civ R 19 (A) and Civ R 42 (A), filed January 13, 2000;
10. The trial court did error [sic] by failing to act timely and recognize "Praecipe" filed January 14, 2000, demonstrating the fraud that had taken place, in the Franklin County Court;
11. The trial court did error [sic] by failing to recognize and act timely on "Motion To Address Defective Documents", filed January 14, 2000, to demonstrate the fraudulent statements made by Morgan and McClatchey;
12. The trial court did error [sic] by failing to recognize and act timely on "Motion To Define And Distinguish Venue-Contract RentalAgreements-Consolidations Of Cases-Joinder Of Parties-CompulsoryCounterclaim", the most important document filed in this case, on January 27, 2000, This Motion gave clear and concise details of the transactions but it was still ignored;
13. The trial court did error [sic] in failing to recognize "Motion ToDeny Appearance In Franklin County" filed February 7, 2000;
14. The trial court did error [sic] by failing to act timely and recognize the "Motion To Amend Motion For Consolidation Of Cases-JoinderOf Parties And Compulsory Counterclaim", filed February 7, 2000;
15. The trial court did error [sic] by failing to conduct Hearings timely, filed February 9, 2000, as requested by Plaintiff;
16. The trial court did error [sic] by failing to act timely and recognize the "Supplement To The Record" and the great amount of irreparable harm coming to this Plaintiff as a result of his inaction and lack of concern, a wealth of accurate information, that should have been in Scioto County;
17. That the trial court did error [sic] by its failure to act in a responsible manner pursuant to O Civ R 8 (F) "All Pleadings Shall Be SoConstrued As To Do Substantial Justice", Fed R Civ Proc 8 (F) "AllPleadings Shall Be Construed As To Do Substantial Justice";
18. The trial court did error [sic] by failing to give clear instructions on "Plaintiff's Motion To Strike For Incomplete Documents", February 10, 2000;
19. The trial court did error [sic] in its decision, Defendants, "Motion For A more Definite Statement", February 11, 2000;
The trial court did error [sic] by failing to provide a less stringent decision and application to the "Order Of Dismissal" filed March 29, 2000;