OPINION
{¶ 1} Defendant-appellant, Paul B. Crockett, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's motion to disqualify counsel and imposing sanctions. For the reasons that follow, we affirm that judgment.
 {¶ 2} By complaint filed May 16, 2001, appellant's wife, plaintiff-appellee Dorcas A. Crockett, filed for a divorce from appellant. In the divorce proceedings, appellant argued that, before the filing of the complaint, his mother, Kaoruko Crockett ("Kaoruko"), quit-claimed to him her entire interest in real property located at 2001 Merryhill Drive. Following that transfer, appellant and appellee sold the Merryhill property and used a portion of the proceeds to buy the current marital residence. Therefore, appellant contended that a portion of the current marital residence was his separate property. However, appellee submitted an affidavit signed by Kaoruko, which stated that the transfer of the Merryhill property was intended as a gift to the entire family, including appellee, thereby supporting appellee's assertion that the entire value of the marital residence should be considered marital property.
 {¶ 3} After submission of the affidavit, appellant filed a motion to disqualify appellee's counsel, Barry H. Wolinetz. Appellant claimed that Wolinetz's testimony was necessary to determine the validity of the affidavit and whether Kaoruko signed it under duress. After a hearing, the trial court overruled appellant's motion, finding that appellant failed to show that there was any conflict of interest, that Wolinetz was a necessary witness, or that Kaoruko was under any pressure, duress or undue influence when she signed the affidavit. The trial court further determined that the motion was frivolous and awarded appellee $1,000 in reasonable and necessary attorney fees incurred in defending appellant's motion pursuant to Civ.R. 11.
 {¶ 4} Appellant appeals, assigning the following errors:
 {¶ 5} "1. The Court erred in ordering a Civil Rule 11 sanction because Appellant/Defendant failed to establish a basis for his Motion to Disqualify; yet, pursuant to DR5-102, the Court refused to allow Appellee/Plaintiff's counsel to fully testify.
 {¶ 6} "2. The Court erred as a matter of law imposing sanctions pursuant to Civil Rule 11 with no finding in the record or Entry that the Appellant/Defendant acted willfully or in bad faith.
 {¶ 7} "3. The Court erred in ordering Appellant/Defendant to pay Civil Rule 11 sanctions."
 {¶ 8} As an initial matter, we must determine whether the order appealed from is a final appealable order. Appellee contends it is not. Article IV, Section 3(B)(2) of the Ohio Constitution limits this court's appellate jurisdiction to the review of final orders. Absent a final order, this court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 20; R.C. 2501.02.
 {¶ 9} Pursuant to R.C. 2505.02(B)(2), an order that affects a substantial right made in a special proceeding is a final appealable order. It is well-established that the denial of a motion to disqualify counsel affects a substantial right. Russell v. Mercy Hospital (1984),15 Ohio St.3d 37, 39; Bernbaum v. Silverstein (1980), 62 Ohio St.2d 445,446 [footnote 2]. Therefore, the key question presented here is whether the order denying appellant's motion to disqualify counsel was made in a special proceeding.
 {¶ 10} To determine whether the order at issue was made in a special proceeding, we must examine the nature of the underlying action. Walters v. The Enrichment Ctr. of Wishing Well, Inc. (1997),78 Ohio St.3d 118, 123. Orders that are entered in actions that were recognized at common law or in equity and were not created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379. The underlying action in this case is an action for divorce. There was no common-law right of divorce. Divorce is purely a matter of statute. Id. at 379; Briggs v. Briggs (Jan. 23, 1997), Franklin App. No. 96APF11-1523; Hollis v. Hollis (1997), 124 Ohio App.3d 481, 484. Divorce, therefore, has been described as a "special statutory proceeding." State ex rel. Papp, supra, at 379; Dansby v. Dansby (1956), 165 Ohio St. 112, 113. Because the denial of a motion to disqualify counsel in a divorce action affects a substantial right in a special proceeding, the order is final and appealable as defined in R.C. 2505.02(B)(2), and, therefore, we have jurisdiction to hear the appeal.
 {¶ 11} Appellee cites Bernbaum, supra, for the proposition that the denial of a motion to disqualify counsel is not a final appealable order. Although that was the holding in Bernbaum, it should be noted that the order at issue in Bernbaum was not entered in a special proceeding. Therefore, Bernbaum is clearly distinguishable from the case at bar.
 {¶ 12} Having determined that we have jurisdiction to hear the appeal, we turn to appellant's first assignment of error, wherein he contends that the trial court erred by refusing to allow him to fully examine appellee's counsel at the hearing on appellant's motion to disqualify. At the outset, we note that the trial court has the inherent authority to supervise members of the bar appearing before it, and this necessarily includes the power to disqualify counsel in specific cases. Royal Indemnity Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31, 33-34; Mentor Lagoons, supra, at 259. Disqualification " `is a drastic measure which should not be imposed unless absolutely necessary.' " Spivey v. Bender (1991), 77 Ohio App.3d 17, 22, quoting Gould, Inc. v. Mitsui Mining Smelting Co. (N.D.Ohio. 1990), 738 F. Supp. 1121, 1126. The trial court has wide discretion in the consideration of motions to disqualify counsel. Royal Indemnity, supra. The determination of the trial court will not be reversed upon appeal in the absence of an abuse of discretion. Centimark Corp. v. Brown Sprinkler Serv., Inc. (1993),85 Ohio App.3d 485; Musa v. Gillette Communications of Ohio, Inc. (1994), 94 Ohio App.3d 529. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 13} Appellant argues that Wolinetz's testimony was necessary to determine the circumstances surrounding the execution of Kaoruko's affidavit. Only after examining Wolinetz would appellant know whether Wolinetz's testimony would be prejudicial to his [Wolinetz's] client's interest. Appellant misunderstands the essence of a motion to disqualify opposing counsel. A motion to disqualify counsel is to be used when "a lawyer learns or it is obvious" that counsel may be called as a witness, not to determine whether he should be called; that is the purpose of discovery. Morgan v. North Coast Cable Co. (Nov. 15, 1990), Cuyahoga App. No. 57209, affirmed (1992), 63 Ohio St.3d 146 (reversing disqualification of counsel at early stage of proceedings when discovery had not been completed because it was impossible to say whether attorney would be a witness).
 {¶ 14} It is also apparent that Wolinetz's testimony was not necessary to establish the facts surrounding the execution of Kaoruko's affidavit. There is no reason why these facts could not be established through the testimony of other witnesses, including Kaoruko and the notary. Moreover, the questioning of Wolinetz that was permitted by the trial court during the hearing established that Wolinetz's testimony would not be prejudicial to his client's interest. Therefore, Wolinetz's continued representation of appellee was consistent with DR-5-102(B), which permits an attorney to represent a client even though he learns he may be called as a witness by the opposition "until it is apparent that his testimony is or may be prejudicial to his client." DR-5-102(B); Jackson v. Bellomy (1995), 105 Ohio App.3d 341, 348-349.
 {¶ 15} It is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary. Pilot Corp. v. Abel, Franklin App. No. 01AP-1204, 2002-Ohio-2812, at ¶ 13; Mentor Lagoons, Inc. v. Teague (1991),71 Ohio App.3d 719, 724. Appellant did not show that Wolinetz's testimony would be prejudicial to appellee and it was obvious that any testimony Wolinetz might supply could be obtained from other witnesses. See Wasserman, Wasserman, Bryan Landry v. The Midwestern Indemnity Co. (Nov. 21, 1986), Lucas App. No. L-86-135 (reversing disqualification of counsel when testimony that would have been presented by attorney could be provided by other witnesses); cf. Sneary v. Baty (Aug. 14, 1996), Allen App. No. 1-96-13 (reversing disqualification of attorney when attorney's testimony would not have been necessary). Appellant failed to meet his burden and, under these circumstances, the trial court did not abuse its discretion in limiting the scope of inquiry during the hearing on appellant's motion to disqualify or in denying the motion to disqualify. Therefore, appellant's first assignment of error is overruled.
 {¶ 16} Appellant's second assignment of error alleges that the trial court erred in imposing sanctions pursuant to Civ.R.11, because it failed to make a finding that appellant acted willfully or in bad faith. We agree that sanctions are not supportable under Rule 11 in the absence of a finding that the filing was willful. Bruggeman v. Bruggeman (Nov. 22, 2000), Montgomery App. No. 18084, citing Ceol v. Zion Industries, Inc. (1992), 81 Ohio App.3d 286, 290. However, based upon the trial court's finding that appellant's motion was frivolous, we affirm the sanction based upon R.C. 2323.51.
 {¶ 17} We note that appellee's request for sanctions was premised on both Civ.R.11 and R.C. 2323.51. The trial court specifically found that appellant's motion to disqualify counsel was frivolous. Although the trial court's judgment entry granted sanctions premised on a violation of Civ.R.11, this court may affirm a judgment on a legal basis other than those used by the lower court when the evidentiary basis on which the appellate court relies was fully adduced before the trial court. State v. Peagler, 76 Ohio St.3d 496, 1996-Ohio-73; Myers v. Garson (1993),66 Ohio St.3d 610, 614-615. Here, the evidentiary basis for finding a violation of R.C. 2323.51 was fully adduced before the trial court.
 {¶ 18} A court may award reasonable attorney fees to any party in a civil action who is adversely affected by another party's frivolous conduct. R.C. 2323.51(B)(1). Frivolous conduct is the conduct of a party which satisfies either of the following: (1) It obviously serves merely to harass or maliciously injure another party to the civil action, or (2) it is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a). As opposed to an award of sanctions pursuant to Civ.R.11, an award granted under R.C. 2323.51 does not require a finding that appellant acted willfully. Ceol, supra, at 291.
 {¶ 19} A trial court is required to engage in a two-part inquiry when presented with a R.C. 2323.51 motion for sanctions. Initially, it must determine whether an action taken by the party against whom sanctions are sought constituted frivolous conduct. Second, if the conduct is found to be frivolous, the trial court must determine what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party. Lable Co. v. Flowers (1995), 104 Ohio App.3d 227, 232-233. Whether or not to impose sanctions once frivolous conduct is found rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Id.; Riley v. Langer (1994),95 Ohio App.3d 151.
 {¶ 20} In the present case, the trial court made the following findings in support of its award of attorney fees: (1) there was nothing obvious that [Wolinetz] needed to be called or should be called as a witness; (2) there was no showing of any possible prejudice to the defendant if Wolinetz would be called as a witness; (3) there was no showing of a conflict; (4) there was nothing presented pursuant to DR-5-102(B) that counsel may be called as a witness; (5) no evidence was presented supporting defendant's motion; (6) no evidence was presented that in any way indicated that Wolinetz's representation would be prejudicial to plaintiff; (7) there were alternate methods available to defendant for obtaining information about the preparation and execution of the affidavit; (8) defendant failed to make a case whatsoever, to support his motion; (9) defendant did not meet his burden of proof and his motion was frivolous.
 {¶ 21} Given these express findings, the trial court did not abuse its discretion in finding appellant's motion to disqualify frivolous and awarding appellee its reasonable and necessary attorney fees in defending the motion. Appellant's second assignment of error is overruled.
 {¶ 22} Finally, appellant contends in his third assignment of error that the trial court erred in ordering appellant, rather than appellant's attorney, to pay Civ.R. 11 sanctions. As we discussed above, we have affirmed the trial court's imposition of sanctions based upon R.C. 2323.51. An award of sanctions under R.C. 2323.51(B)(4) may be made against a party, the party's counsel of record, or both. Ron Scheiderer Assoc. v. London (1998), 81 Ohio St.3d 94, 95. Therefore, the trial court did not err in making an award of sanctions against appellant rather than his attorney. Appellant's third assignment of error is also overruled.
 {¶ 23} In conclusion, having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
TYACK and BOWMAN, JJ., concur.