DECISION AND JUDGMENT ENTRY
{¶ 1} Dawn G. appeals the judgment of the Huron County Court of Common Pleas, Juvenile Division, which disqualified her attorney from representing her at the request of the opposing party. Because we find that the opposing party did not have standing to request the disqualification of her attorney, we reverse.
 {¶ 2} Dawn filed a complaint on June 18, 2003, against Michael G. seeking child support and a portion of medical expenses for their child Dace. Michael answered on July 14, 2003, denying parentage of Dace and requesting that genetic tests be performed. Michael had previously admitted that he was the natural father of Dace, and this was memorialized in a September 7, 1995 judgment entry from the Huron County Court of Common Pleas, Domestic Relations Division.
 {¶ 3} A hearing on the complaint was held before a juvenile court magistrate on October 21, 2003. Michael's attorney, Charles Derby, stated that Dawn's attorney, Thomas Freeman, had a potential conflict of interest because Freeman had represented Dawn's first husband in their divorce. Freeman denied any conflict.
 {¶ 4} On January 12, 2004, the juvenile court magistrate held what was called a "conference with counsel only." Freeman attended as Dawn's attorney, along with a court appointed attorney, Curtis Koch. The magistrate questioned the need for two attorneys and stated that Dawn could not pick her appointed counsel. Freeman explained that he was willing to represent Dawn "free of charge." Ultimately, the magistrate determined that Dawn could choose her counsel. Nevertheless, in a February 2, 2004 decision adopted by the juvenile court, the magistrate found that "Mr. Freeman did not disclose to the Court or the parties that he represented the plaintiff's former husband in disestablishing parentage in the divorce case. The defendant, Michael [G.], disclosed the conflict to the Court and is not willing to waive any conflict." Because of this, Freeman was not allowed to represent Dawn "due to the conflict of interest due to his representing her ex-husband on the same issue, parentage of Dace * * *."
 {¶ 5} Freeman filed "Objections to Magistrate's Decision" on February 4, 2004. Dawn then filed a "Waiver of Potential Conflict of Interest" on February 5, 2004. The same day, the juvenile court filed a judgment that stated, "It is hereby ordered, adjudged and decreed that Mr. Freeman shall not represent Dawn [S.], nka [G.] in any manner due to the conflict of interest due to his representing the plaintiff's ex-husband on the same issue, parentage of Dace [S.] in 1995."
 {¶ 6} Dawn now appeals and raises one assignment of error: "The trial court erred in disqualifying plaintiff's counsel on defendant's suggestion because defendant did not establish he had standing to seek disqualification of plaintiff's attorney."
 {¶ 7} The decision to grant a motion to disqualify an attorney from representing a client in a civil case is a final appealable order pursuant to R.C. 2505.02(B)(4). Youngstown v.Joenub, Inc. (Sept. 28, 2001), 7th Dist. No. 01 CA 01. Since a trial court is afforded great deference in supervising attorneys, its determination of whether to disqualify an attorney will not be reversed absent an abuse of discretion. In re Ross,154 Ohio App.3d 1, 2003-Ohio-4419, at ¶ 12. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. To determine if a decision is unreasonable, we must find that there is no sound reasoning process that would support the decision. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161
 {¶ 8} The disqualification of an attorney is a drastic measure that should only occur when "absolutely necessary."Spivey v. Bender (1991), 77 Ohio App.3d 17, 22. The sole allegation of a conflict is not enough to deny a party its choice of counsel. Centimark Corp. v. Brown Sprinkler Serv., Inc.
(1993), 85 Ohio App.3d 485, 489. The party seeking for the disqualification bears the burden of demonstrating the reason for disqualification. Creggin Group, Ltd. v. Crown DiversifiedIndustries Corp. (1996), 113 Ohio App.3d 853, 858. Disqualification is improper when the moving party cannot demonstrate the need to disqualify counsel. Kitts v. U.S. HealthCorp. of S. Ohio (1994), 97 Ohio App.3d 271, 275.
 {¶ 9} Ohio courts use the three part federal standard when determining whether a party's chosen attorney should be disqualified. Hollis v. Hollis (1997), 124 Ohio App.3d 481,485. First, did a past attorney-client relationship exist between the party seeking disqualification and the attorney it seeks to disqualify? Second, was or is the subject matter of those relationships substantially related? Third, did the attorney acquire confidential information from the party seeking disqualification? Dana Corp. v. Blue Cross Blue Shield Mut. ofN. Ohio (C.A. 6, 1990), 900 F.2d 882, 889. The motion should be denied if there is no current or past attorney-client relationship. Henry Filters, Inc. v. Peabody Barnes, Inc.
(1992), 82 Ohio App.3d 255, 260. Without the attorney-client relationship a party lacks standing to complain of a conflict of interest. Morgan v. North Coast Cable Co. (1992),63 Ohio St.3d 156, at the syllabus.
 {¶ 10} The trial court determined that a "conflict" existed because Freeman had represented Dawn's former husband on the parentage issue and would now represent her. This ruling, however, overlooked the fact that Dawn's husband was not a party to the case raising the issue of disqualification. No one alleges, and the record does not show, that Freeman ever represented Michael. Thus, Michael does not have standing to assert a conflict of interest or request Freeman's disqualification in this case. Dawn's former husband is the only person who could raise a potential conflict of interest and ask for Freeman's disqualification. The decision of the juvenile court, which found that Freeman should be disqualified from this case, was unreasonable and, therefore, an abuse of discretion. The sole assignment of error is well-taken.
 {¶ 11} The judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings according to law and consistent with this decision. Appellee is ordered to pay the costs of this appeal specified under App.R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., concur.