BERNBAUM ET AL., APPELLEES, *v.*
SILVERSTEIN ET AL., APPELLANTS.

[Cite as Bernbaum v. Silverstein (1980),
62 Ohio St. 2d 445.]

(No. 80-2—Decided June 25, 1980.)

*Messrs. Paxton & Seasongood* and *Mr. Gerald W. Simmons,* for appellants Silverstein et al.

*Messrs. Murphey, Young & Smith* and *Mr. David J. Young,* for appellant Grauer.

*Messrs. Lane, Alton & Horst, Mr. Jack R. Alton, Messrs. Jenner & Block, Mr. J. Stephen Walker* and *Mr. Eugene R. Wedoff,* for appellees.

SWEENEY, J.   The sole issue herein is whether an order overruling a motion to disqualify counsel is a final order, subject to appeal under Section 3(B)(2), Article IV of the Ohio Constitution.[1] As it pertains to this cause, R. C. 2505.02 defines a final order as "***an order affecting a substantial right made in a *special proceeding***.*" (Emphasis added.) Resolution of this matter depends on whether the instant order was one made in a "special proceeding."[2]

In *Missionary Society* v. *Ely* (1897), 56 Ohio St. 405, 407, the following distinction was drawn between ordinary actions and special proceedings:

"***[W]e suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a

---

[1] Sections 3(B)(2), Art. IV provides, *inter alia,* that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals***." To implement this constitutional provision, the General Assembly enacted R. C. 2505.03, which provides Courts of Appeals with specific authority to review "[e]very final order, judgment, or decree of a court***." It is indisputable that the instant ruling is neither a judgment nor a decree, the only question being whether it is a "final order."

[2] Appellees do not dispute the Court of Appeals finding that an order overruling a motion to disqualify counsel affects a "substantial right." Such a determination is clearly supportable.

remedy is sought by an original application to a court for a judgment or an order, is a special proceeding."

Heretofore, this court has found the following orders to be interlocutory aspects of main actions rather than final reviewable orders arising from special proceedings: an order overruling an application for change of venue (*Snell* v. *Cincinnati St. Ry. Co.* [1899], 60 Ohio St. 256); an order overruling a motion to vacate a temporary injunction (*Jones* v. *First Natl. Bank of Bellaire* [1931], 123 Ohio St. 642); an order of revivor secured against the personal representative of a deceased defendant (*Squire* v. *Guardian Trust Co.* [1946], 147 Ohio St. 1); an order overruling defendant's motion to be dismissed as a party defendant (*Petrus* v. *Petrus* [1964], 176 Ohio St. 305); an order granting a motion for discovery (*Klein* v. *Bendix-Westinghouse Co.* [1968], 13 Ohio St. 2d 85); and an order overruling a motion for an award of expenses for an opposing party's failure to attend a deposition (*Kennedy* v. *Chalfin* [1974], 38 Ohio St. 2d 85).

The foregoing opinions exemplify our reluctance to allow for immediate review of rulings made during the pendency of a civil action. As noted in *Squire* v. *Guardian Trust Co., supra,* at page 5, "[t]he prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object."

Research discloses that a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment. A ruling which implicates a claim of right that would be irreparably lost if its review need await final judgment is likely to be deemed a final order. Thus, a hearing on a motion to suppress evidence in a criminal prosecution was found to be a special proceeding in *State* v. *Collins* (1970), 24 Ohio St. 2d 107, partly in light of the fact that, if the motion were to be sustained and the defendant released, the state would thereafter have no right of appeal. Likewise, a proceeding on a motion to dismiss for double jeopardy was considered a special proceeding in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, the court noting, at page 258, that "an erroneous decision on a double jeopardy claim cannot be effectively reviewed after judgment within the se-

cond trial; by that time, the defendant's right has been violated."

In the two preceding opinions this court dispensed with the requirement that the proceeding be by "original application"[3] in order to qualify as a special proceeding, because of our concern that there be an effective mode of review of such rulings. Neither was the instant motion to disqualify an original application; rather, it was a request for ancillary relief. However, unlike the situations in *Collins* and *Thomas,* the claimed prejudice herein is reviewable after final judgment. Appellants' allegations of disclosures of confidences by members of Porter, Wright, if proven, could constitute reversible error on appeal from judgment in the main action.

However, appellants contend that such postponed review would not be effective, because the disclosures which would have occurred could not be remedied by a second trial. This same argument was addressed and disposed of in Comments, The Appealability of Orders Denying Motions for Disqualification of Counsel in the Federal Courts, 45 Univ. of Chicago L. Rev. 450. In advocating that review of such orders by federal courts of appeals await final judgment,[4] the commentator observes, at page 457, that "***[t]his remedy may be less than ideal from the movant's point of view,***because damage from an attorney's improper disclosure of confidences perhaps might never be fully corrected***. The disclosure problem, however, is no more curable by an immediate appeal; the challenged attorney will generally have had ample opportunity to disclose all that he knows before he is disqualified upon appeal."

The court in *White Motor Corp.* v. *White Industries, supra* (60 Ohio App. 2d 82), at page 89, justified the appealability of such an order "because it promotes the efficient administration of justice and serves the public policy embodied in the Canon of Ethics." This court finds this rationale unpersuasive.

---

[3] See *Missionary Society, supra,* at page 407.

[4] Both parties herein discuss a line of federal courts of appeals opinions which deal with the instant issue. While these cases do provide enlightening policy considerations regarding the appealability of such orders, their precedential value is minimal because of differences in appellate jurisdiction under Section 1291, Title 28, U.S. Code, as compared to R. C. 2505.03.

While observance of the Code of Professional Responsibility is of prime importance, other avenues of enforcement, such as bar association investigation, exist. Furthermore, rather than effecting a savings of judicial time, appeals of motions to disqualify often are used as devices to delay final determination on the merits. The position we adopt today was aptly described in Appealability of Orders, *supra,* at pages 481-82, as follows:

"In the disqualification context, the cost to the judicial system of appeal by right outweighs its occasional benefit to an unjustly denied movant, who still retains his right to eventual relief upon final judgment. Justice is sometimes neither quick nor sweet. But an attempt to hasten it is doomed to fail when it creates an unrestricted opportunity for litigants to harass an adversary and delay a trial."

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., STEPHENSON, BELL, P. BROWN and HOLMES, JJ., concur.

LOCHER, J., concurs in the judgment.

STEPHENSON, J., of the Fourth Appellate District, sitting for HERBERT, J.

BELL, J., of the Ninth Appellate District, sitting for W. BROWN, J.