JUDGMENT: Appeal Dismissed; Case Remanded.
 OPINION
Defendants-appellants Ernie and Mary Yacovone appeal the decision of the Mahoning County Common Pleas Court which denied their motion to disqualify the counsel of plaintiffs-appellees Scott and Michele Freer. For the following reasons, this appeal is dismissed as there does not exist a final appealable order.
 STATEMENT OF FACTS
The Yacovones [hereinafter "appellants"] reside on property benefited by an access easement that runs across property purchased by the Freers [hereinafter "appellees"]. Appellants have an agreement with Loma Enterprises, whereby Loma uses their driveway to reach a natural gas well and appellants receive free gas for their home. In January 1998, appellees filed suit against appellants and Loma, seeking a declaration of respective rights in the easement, termination of the easement due to misuse and/or nuisance, reimbursement for the value of the natural gas received by appellants and a permanent injunction barring Loma from using the driveway.
After answers and counterclaims were filed, counsel for appellants moved to disqualify counsel retained by appellees on the grounds of conflict of interest.[1] The motion cited numerous Disciplinary Rules and urged that counsel be disqualified because his interests conflicted with those of his own clients, appellees. On September 25, 1998, the trial court overruled the motion to disqualify. Appellants filed the within appeal.
Appellants' sole assignment of error, which was filed in February 1999, argues that the trial court abused its discretion when it refused to disqualify appellees' counsel. Appellees' brief rebuts this argument but fails to raise the issue of whether the trial court's order is a final appealable order. Nonetheless, it is our duty to raise this issue sua sponte as it deals with our jurisdiction to hear the appeal.
 LAW AND ANALYSIS
The Supreme Court has held that the denial of a motion for disqualification is not a final order. Bernbaum v. Silverstein
(1980), 62 Ohio St.2d 445, 448-449. Nonetheless, changes in precedent and statutory law occurred later which force us to delve further into the matter rather than merely citing toBernbaum as a case on point. Thus, we will review various steps in the process of change regarding final orders.
After Bernbaum, the Court distinguished the denial from the grant of a disqualification motion and held that the grant of a motion to disqualify is a final order. Russell v. Mercy Hosp.
(1984), 15 Ohio St.3d 37, 39. The test for a final order under these two cases entailed a determination of whether the order appealed from affected a substantial right and was made in a special proceeding. R.C. 2505.02. The term "special proceeding" was not defined by legislature at that time.
The Court then abandoned the balancing test utilized in these two cases to determine whether an order was made in a special proceeding. Polikoff v. Adam (1993), 67 Ohio St.3d 100, 107, overruling Amato v. General Motors Corp. (1981), 67 Ohio St.2d 253. The Court set forth a new test for determining whether an order is made in a special proceeding. Id. (stating, "orders that are entered in actions that were not recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C.2505.02.").
Later, the court clarified Polikoff by reinforcing that it is not the order which defines a special proceeding but it is the underlying action. Walters v. The Enrichment Ctr. of WishingWell, Inc. (1997), 78 Ohio St.3d 118, 120-122. In Walters, the Court invited the General Assembly to amend R.C. 2505.02 if it desired to make decisions on motions, such as for the discovery of privileged information, final orders. Id. at 123, fn.2.
The General Assembly then enacted Sub.H.B. No. 394 to amend R.C. 2505.02. This amended version of R.C. 2505.02, which applies to all cases pending as of July 22, 1998, reads in pertinent part:
"(A) As used in this section:
 (1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 (2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 (3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action."
We shall now apply the amended statute to the present case. The denial of a motion for disqualification is clearly not an order that determines the entire action, vacates judgment, sets aside judgment, grants a new trial, or determines class action status, making R.C. 2505.02(B)(1), (3) and (5) inapplicable. Regardless of whether a substantial right is affected in the case at bar, the order denying disqualification was not made after judgment under R.C. 2505.02(A)(2). Moreover, the order was not made in a special proceeding, as the underlying action in this case, a civil suit dealing with easement rights, was not specially created by statute and it was available prior to 1853. See R.C.2505.02(A)(2) and (B)(2).
Therefore, the remaining avenue to explore with regards to whether the appealed order is final and appealable is R.C.2505.02(B)(4). This section explains a new category of final orders by specifying circumstances under which an order granting or denying a provisional remedy is final and appealable. First, we note that a motion for disqualification of counsel is ancillary to the main action and thus constitutes a provisional remedy as defined by R.C. 2505.02(A)(3). See, e.g., Bernbaum,supra at 448 (stating that a motion to disqualify is a request for ancillary relief); Swearingen v. Waste Tech. Indus. (Sept. 21, 1999), Columbiana App. Nos. 98C026, 98C035, unreported, 7 (holding that a motion for admission of counsel pro hac vice is ancillary in nature as it is auxiliary to the underlying action).
The next step in our analysis involves examining whether the requirements of R.C. 2505.02(2)(4)(a) are satisfied. In so doing, it appears that when a court rules on a motion for disqualification, the resulting order determines the action with respect to the motion and prevents judgment in favor of the appellant with respect to the motion. See Id. Hence., our final line of inquiry is whether appellants would be precluded from a meaningful or effective remedy after a trial of the entire action should we refuse to hear their appeal at this juncture. See R.C.2505.02(B)(4)(b). If appellants will not be denied a meaningful or effective remedy by waiting to appeal the denial of their motion to disqualify opposing counsel, then they may not appeal the issue now. Id.
The determination of whether meaningful or effective review is available entails an analysis similar to that used by theBernbaum Court. Although Bernbaum was followed by case law and statutory changes which detract from the significance of its principal holding, the logic employed in the decision remains sound. For example, the Supreme Court opined that it is not impracticable to appeal the denial of a motion to disqualify after final judgment in the entire action. Id. at 447. The Court reasoned that any prejudice to the appellant is properly reviewable after final judgment. Id. at 448. Specifically, the Supreme Court stated, "the claimed prejudice in denying a motion to disqualify counsel is effectively reviewable after final judgment, reasoning that any damage is no more curable by an immediate appeal." Russell, supra at 39, citing Bernbaum.
In the present case, appellants will not suffer irreparable harm by a delayed appeal. Any allegation of damage to appellants' defense can be rectified. For instance, if appellants establish that they were prejudiced by the court's refusal to disqualify appellees' counsel, then appellants may receive a new trial. As a result, a decision in favor of appellants on an appeal after final judgment will not be a hollow victory. Moreover, appellants do not allege that opposing counsel may disclose confidential information, as was the allegation in Bernbaum. This makes the argument for delayed review stronger in this case than inBernbaum.
Thus, an immediate appeal is not mandated to afford appellants a meaningful or effective review. As such, we conclude that the denial of a motion to disqualify opposing counsel on the grounds that such counsel and his own client have a conflict is not a final appealable order.[2]
For the foregoing reasons, the appeal is dismissed and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ J. VUKOVICH, JUDGE
[1] Attorney Patrick Parry represents appellees. He is a partner in the law firm of Westenfield, Neuman Parry. It appears that his fellow partner, Douglas Neuman, owns the Ohio Bar Title Agency. This title agency was employed by appellees prior to their purchasing their property. Apparently, the agency failed to discover the easement which benefits appellants' property. Thus, appellees have a claim pending against the title agency and the underwriting insurer for nondisclosure of the easement.
[2] Furthermore, we feel compelled to point out that it appears that appellants lack standing to appeal the trial court's denial of their motion to disqualify opposing counsel on the grounds so stated. "[A]s a general rule, a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship." Morgan v. North Coast Cable Co. (1992),63 Ohio St.3d 156, 159. However, we shall not further scrutinize this issue since we are dismissing the appeal for lack of a final appealable order.