DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, state of Ohio, has filed a motion to dismiss these two consolidated appeals[1] in which appellant, Prentiss Dupree Williams, challenges a trial court order disqualifying his appointed attorney, Ronnie L. Wingate, from representing him. Williams has filed a response to the motion urging that it be denied. We find that the disqualification order is not final and appealable.
 {¶ 2} In the court below, the state filed a motion to disqualify Wingate from representing Williams because Wingate formerly represented two of the individuals likely to be called as witnesses in Williams' trial. Following two hearings before the judge and several written briefs addressing the issue, the judge granted the motion to disqualify Wingate. Williams appealed.
 {¶ 3} In its motion to dismiss this appeal, the state notes that the issue of whether an order granting a motion to disqualify an attorney is final and appealable comes to us with a "long and tortured history."State v. Saadey (June 30, 2000), Columbiana App. No.
 {¶ 4} 99-CO-49, dismissed, discretionary appeal not allowed (2000), 90 Ohio St.3d 1449.
 {¶ 5} We agree, but find that only the most recent change in final appealability law in Ohio, which occurred in 1998 when R.C. 2505.02 was revised, is applicable to this case. The statute states:
 {¶ 6} "2505.02 Final order.
 {¶ 7} "(A) As used in this section:
 {¶ 8} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 9} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 10} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 14} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 18} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 19} "(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 {¶ 20} "(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state."
 {¶ 21} The court in Saadey, supra, analyzed the new statute and first concluded that an order in a criminal case that disqualifies the defendant's attorney does not fit under R.C. 2505.02(B)(1), (3), or (5). We agree. The court then turned its attention to section (B)(2) of the statute, the "special proceeding" definition of final appealable order. "Special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The majority in Saadey finds that criminal actions are not special proceedings because they existed prior to 1853 and were not specially created by statute. The dissenting judge in Saadey disagrees on this point and states:
 {¶ 22} "The majority states that a criminal action was not created by statute and was in existence prior to 1853, hence, it is not a special proceeding. However, it is a tenet of Ohio law that there are no common law crimes in Ohio[2] as all crimes are statutory. Akron v. Rowland
(1993), 67 Ohio St.3d 374, 391, footnote four, citing to R.C. 2901.03(A)." Id., Cox, P.J. dissenting (footnote added.).
 {¶ 23} Under this dissenting view, the disqualification order is final and appealable. Which view is correct? We believe the majority reached the correct conclusion. In State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178, the Ohio Supreme Court states:
 {¶ 24} "[I]n Polikoff v. Adam (1993), 67 Ohio St.3d 100,616 N.E.2d 213, syllabus, we * * * held that orders that are entered in actions that are recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. [Under this definition] * * * it is apparent that the pretrial order granting a disqualification motion in a criminal case is not a final appealable order."
 {¶ 25} We can only conclude from this language that the Supreme Court of Ohio has found that criminal actions are not "special proceedings" as that term is defined in R.C. 2505.02(A)(2). Based on this analysis, we find that the order in this case granting a motion to disqualify defendant's attorney in a criminal case[3] is not final and appealable under R.C. 2505.02(B)(2).
 {¶ 26} This leaves R.C. 2505.02(B)(4), the provisional remedy portion of the final appealable order statute. The Seventh District Court of Appeals has deftly addressed this portion of the statute in State v.Saadey, supra. The court states:
 {¶ 27} "We thus move to the remaining section of R.C. 2505.02(B)(4). This section specifies circumstances under which an order granting or denying a provisional remedy is final and appealable. First, we note that a ruling on a motion to disqualify counsel in a criminal case is ancillary to the main action and thus qualifies as a provisional remedy under R.C. 2505.02(A)(3). See Bernbaum v. Silverstein (1980),62 Ohio St.2d 445, 448, 406 N.E.2d 532 for the proposition that a motion to disqualify is a request for ancillary relief.
 {¶ 28} "The next step in our analysis involves examining whether the requirements of R.C. 2505.02(B)(4)(a) are satisfied. In so doing, it is clear that when a court rules on a motion for disqualification, the resulting order determines the action with respect to the motion and prevents judgments in favor of the appellant with respect to the motion. As such, our final line of inquiry is whether appellant would be precluded from a meaningful or effective remedy on appeal following a final judgment as to the entire action. R.C. 2505.02(B)(4)(b). If appellant will not be denied a meaningful or effective remedy by waiting to appeal the pretrial order granting disqualification, then the order may not be appealed now. Id. See, also, Freer v. Loma Enterprises, Inc.
(Dec. 30, 1999), Mahoning App. No. 98CA194, unreported (going through a similar analysis of the amended statute up to this point and holding that an order denying a motion to disqualify counsel in a civil case is not a final appealable order).
 {¶ 29} "It does appear that putting a defendant through an entire trial without chosen counsel and postponing appeal of the grant of disqualification until after conviction may seem inefficient in cases where the grant of disqualification is reversed. However, there will be no inefficiency in cases where disqualification is affirmed. Moreover, the test is whether the appellant will be denied a `meaningful or effective remedy' by way of appeal if he is not permitted to file a pretrial appeal of the issue.
 {¶ 30} "Due to Supreme Court precedent, we are compelled to hold that appellant will not be denied meaningful and effective review by waiting to appeal the grant of disqualification until a regular appeal is filed in the criminal case. For instance, the Ohio Supreme Court has decided that `an appeal following conviction and sentence would be neither impractical nor ineffective since any error in granting the motion [for disqualification in a criminal case] would, in certain circumstances, be presumptively prejudicial.' State ex rel. Keenan,69 Ohio St.3d at 179, citing Flanagan, 465 U.S. at 268. The Flanagan case held that post-conviction appeal of disqualification in a criminal case is fully effective, reasoning that the validity of a disqualification order cannot be adequately reviewed until the trial is complete because the substance of the state's and defendant's case is unknown until such time. Id. at 268-269. Furthermore, in State v. Keenan (1998),81 Ohio St.3d 133, 689 N.E.2d 929, the Court decided, in an appeal after conviction, that the trial court did not err in granting the state's disqualification motion. Id. at 137. The Court mentioned State ex rel.Keenan and thus implied that the issue of granting disqualification was properly being considered in an appeal after conviction rather than in a pretrial, interlocutory appeal. Id. at 136.
 {¶ 31} "For the foregoing reasons, the trial court's order granting the state's motion to disqualify one of appellant's defense attorneys is not a final appealable order."
 {¶ 32} We find that the Saadey case is thorough, well-reasoned, and persuasive. The Ohio Supreme Court has stated that except in situations where "once rung the bell cannot be unrung", an appeal following final judgment is an adequate remedy. See, for an example of such an order, State v. Muncie 91 Ohio St.3d 440, 2001 Ohio 93, paragraph two of the syllabus, "When a trial court orders an incompetent defendant to be forcibly medicated with psychotropic drugs in an effort to restore the defendant to competency, that order is final and appealable. (R.C.2505.02[B][4], construed.)"
 {¶ 33} We therefore hold that the order of the trial court granting a motion to disqualify Williams' appointed attorney in this criminal case is not final and appealable. Our decision to the contrary in State v. Dillman (1990), 70 Ohio App.3d 616, is overruled.
 {¶ 34} Accordingly, we grant appellee's motion to dismiss this appeal. It is ordered that this case is dismissed at appellant's costs.
Peter M. Handwork, P.J. Mark L. Pietrykowski, J. Judith Ann Lanzinger,J. JUDGE CONCUR.
[1] In one of the cases being appealed, Williams is charged with two counts of aggravated murder with gun and death-qualifying specifications and one count of attempted aggravated murder in connection with events which occurred on May 25 and 26, 2002. In the second case being appealed, Williams is charged with aggravated murder with a firearm specification for a murder in 1994. We consolidated these appeals because the issue in each is whether the trial court erred in disqualifying Williams' appointed counsel. For ease of understanding, we will address these two appeals as a single appeal.
[2] The fact that today there are no "common law" crimes in Ohio does not dictate a finding that there were no criminal actions in Ohio prior to 1853. If an action that existed prior to 1853 is subsequently codified, it does not become a "special proceeding." See Stevens v.Ackman (2001), 91 Ohio St.3d 182 at 189, which holds that an action for wrongful death existed at common law as an ordinary civil action for damages. The fact that it was later codified under R.C. Chapter 2125 does not bestow upon it "special proceeding" status. This is because wrongful death actions for ordinary civil damages were not created by statute, they were merely codified.
[3] In Youngstown v. Joenub, Inc., 7th Dist. No. 01-CA-01, 2001-Ohio-3401, the court states, "Ohio courts continue to maintain the distinction between civil and criminal disqualification orders in reference to whether the order is final and appealable. State v.Saadey, 2000 Ohio App. LEXIS 3552 (June 30, 2000), Columbiana App. No. 99-CO-49, unreported. An order granting a motion to disqualify an attorney in a criminal case is not final and appealable. Id. See Russellv. Mercy Hosp. (1984), 15 Ohio St.3d 37, 472 N.E.2d 695." We make no comment on this issue as it relates to civil cases.