[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Grand Jury Proceeding of John Doe,* Slip Opinion No. 2016-Ohio-8001.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8001

IN RE GRAND JURY PROCEEDING OF JOHN DOE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Grand Jury Proceeding of John Doe,* Slip Opinion No. 2016-Ohio-8001.]**

*Final, appealable order—Grand jury subpoena ordering production of documents—Privilege—Order denying motion to quash grand jury subpoena and ordering party to testify or produce documents was final and appealable—Judgment reversed and cause remanded.*

(Nos. 2015-1181 and 2015-1182—Submitted February 24, 2016—Decided December 7, 2016.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 102977.

_____

**SYLLABUS OF THE COURT**

1.  An order denying a motion to quash a grand jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy within the meaning of R.C. 2505.02(A)(3).

2.  An order enforcing a grand jury subpoena and ordering the production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4).

_____

**LANZINGER, J.**

{¶ 1} In this case, we are asked to determine whether an order denying a motion to quash a grand jury subpoena and ordering a party to testify or produce documents is a final order that may be appealed. We hold that it is.

## I. Case Background

{¶ 2} During the course of grand jury proceedings, the state of Ohio[1] issued eight grand jury subpoenas to individuals associated with appellants, an Ohio limited partnership and the president of its general partner.[2] Appellants moved to quash the subpoenas, which sought documents and testimony, arguing that they required appellants and their former attorneys to disclose information protected variously by the attorney-client privilege, the attorney work-product doctrine, and the common-interest doctrine. The trial court issued an entry denying the motions, finding that the material sought was no longer or never had been privileged.

{¶ 3} Appellants appealed to the Eighth District Court of Appeals, which sua sponte ordered appellants to show cause why their appeal should not be dismissed for lack of a final order. After the parties briefed the issue, the court of appeals held that the trial court's journal entry did not constitute a final order,

1. Though self-identified as "appellee," the state supports appellants' positions.
2. The documents in this case have been filed under seal. We accordingly refrain from identifying appellants.

reasoning that grand jury proceedings are not "actions" under R.C. 2505.02(A)(3) and that an order requiring production of privileged information in response to a grand jury subpoena is not a provisional remedy subject to appeal under R.C. 2505.02(B)(4). The Eighth District certified a conflict between its decision and those of the Fourth District Court of Appeals in *In re Grand Jury Subpoena Duces Tecum Directed to the Keeper of Records of My Sister's Place*, 4th Dist. Athens No. 01CA55, 2002-Ohio-5600, and the Tenth District Court of Appeals in *State v. Boschulte*, 10th Dist. Franklin No. 02AP-1053, 2003-Ohio-1276.

{¶ 4} We accepted the conflict certified to us by the Eighth District Court of Appeals: "Whether an order denying a motion to quash a grand jury subpoena and ordering a party to testify and/or produce documents is an order granting or denying a provisional remedy within the meaning of R.C. 2505.02(A)(3)?" 143 Ohio St.3d 1477, 2015-Ohio-3958, 38 N.E.3d 900. We also accepted jurisdiction over appellants' two propositions of law:

> 1. An order enforcing a grand jury subpoena to produce privileged information is a final, appealable order pursuant to R.C. 2505.02(B)(4).
>
> 2. An order enforcing a grand jury subpoena to produce privileged information is a final, appealable order pursuant to R.C. 2505.02(B)(1).

*Id.* Upon accepting both the conflict and the jurisdictional appeal, we consolidated the two cases. *Id.*

## II. Analysis

{¶ 5} We note at the outset of our analysis that the issues present in this case are related to, yet distinct from, the issues present in *Burnham v. Cleveland Clinic*, ___ Ohio St.3d ___, 2016-Ohio-8000, __ N.E.3d __. In *Burnham*, we were

presented the question of whether an order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4). *Id.* at ¶ 2. In this case, we also address the appealability of orders compelling production of documents, but we do so in the unique context of grand jury proceedings.

**{¶ 6}** Appellants argue that the appellate court improperly used a definition of the word "action" from R.C. 2307.01 to rule that an order denying a motion to quash a grand jury subpoena and commanding a party to reveal privileged information is not an order denying a provisional remedy under R.C. 2505.02(B)(4). The state agrees with appellants that a motion to quash a subpoena is a final order.

*Which Statutes Apply?*

**{¶ 7}** The statute that discusses final orders is R.C. 2505.02. It begins by defining "substantial right," "special proceeding," and "provisional remedy." R.C. 2505.02(A)(3) defines a "provisional remedy" as

> a proceeding *ancillary to an action, including but not limited to*, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

(Emphasis added.)

**{¶ 8}** Division (B) then sets forth seven situations in which an order is a final order that may be appealed, one of which is

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4).

*How Have Appellate Courts Interpreted Motions to Quash Grand Jury Subpoenas?*

{¶ 9} In this case, the Eighth District Court of Appeals determined that "action," undefined in R.C. 2505.02, was critical to that statute's meaning. The court turned to the definition of "action" found in R.C. 2307.01, which provides, "An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a right, or the punishment of a public offense."

{¶ 10} The court reasoned that because grand jury proceedings are investigatory proceedings from which no judgment or decree results, grand jury proceedings are not actions that can be prosecuted to a judgment. As a result, the court of appeals held that a ruling on a motion to quash a grand jury subpoena does not grant or deny a provisional remedy pursuant to R.C. 2505.02(B)(4). In so concluding, the Eighth District remarked, "[W]e are troubled that a trial court ruling concerning potentially privileged information is not subject to immediate appellate review." The court continued, however, "[T]here are other means by which the question of privilege can be raised and determined, subject to appellate review," without specifying what those means might be.

**{¶ 11}** The first of two cases certified as in conflict with the Eighth District is *In re Grand Jury Subpoena Duces Tecum Directed to the Keeper of Records of My Sister's Place*, 4th Dist. Athens No. 01CA55, 2002-Ohio-5600. In that case, the Fourth District Court of Appeals took a different approach in defining what a ruling on a motion to quash a grand jury subpoena is, reasoning, "Grand juries are a province strictly for criminal proceedings and a motion to quash a grand jury subpoena is an *ancillary action* to the grand jury proceedings." (Emphasis added.) *Id.* at ¶ 9. In reaffirming a previous entry that characterized an order granting a motion to quash a grand jury subpoena as a final order under R.C. 2505.02(B)(4), the Fourth District noted that it had previously stated, "[A] motion to quash a grand jury subpoena was a provisional remedy because it involved a proceeding that is ancillary to, i.e., attendant upon or aids, the grand jury." *Id.* at ¶ 12. Thus, implicit in the Fourth District's decision was a conclusion that a grand jury proceeding was an action within the meaning of "provisional remedy" under R.C. 2505.02(A)(3).

**{¶ 12}** The second conflicting decision is *State v. Boschulte*, 10th Dist. Franklin No. 02AP-1053, 2003-Ohio-1276. The Tenth District Court of Appeals relied upon the Fourth District's analysis in deciding that "an order seeking to compel the production of documents pursuant to a grand jury subpoena is a provisional remedy because it involves a proceeding that is ancillary to, i.e., attendant upon or aids the grand jury." *Id.* at ¶ 12. In so holding, the Tenth District explained that an order compelling the production of documents pursuant to a grand jury subpoena satisfies both R.C. 2505.02(B)(4)(a) and (b) because the order "determine[s] the action with respect to the provisional remedy and prevent[s] a judgment in favor of appellant with respect to the provisional remedy," and the appellant "would not have a meaningful or effective remedy by appealing the decision following the final judgment in the action because appellant would have already produced the disputed original documents." *Boschulte* at ¶ 13. The Tenth District accordingly held that a final order exists in such a situation. *Id.*

*Is the Grand Jury Proceeding an Action for Purposes of R.C. 2505.02?*

**{¶ 13}** The ultimate question before us is whether a ruling granting or denying a motion to quash a grand jury subpoena is a final order.

**{¶ 14}** But because R.C. 2505.02(A)(3) specifies that a provisional remedy is "a proceeding ancillary to an action" and a motion to quash grand jury subpoenas is ancillary to the grand jury proceedings, we must determine whether a grand jury proceeding constitutes an action—a question we have not previously decided.

**{¶ 15}** We have explained that an action is distinct from a special proceeding:

> "[W]e suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding."

(Brackets sic.) *Bernbaum v. Silverstein*, 62 Ohio St.2d 445, 446-447, 406 N.E.2d 532 (1980), quoting *Missionary Society v. Ely*, 56 Ohio St. 405, 407, 47 N.E. 537 (1897). We noted the dichotomy between actions and special proceedings in *Polikoff v. Adam*, 67 Ohio St.3d 100, 616 N.E.2d 213 (1993): "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." *Id.* at syllabus. Later, we applied the reasoning from *Polikoff* to the context of grand jury proceedings in holding that "[g]rand jury proceedings, having existed at common law, are not 'special proceedings,' notwithstanding the fact that they have been codified." *In re Grand Jury*, 76 Ohio St.3d 236, 238, 667

N.E.2d 363 (1996), citing *State ex rel. Doerfler v. Price*, 101 Ohio St. 50, 54, 128 N.E. 173 (1920).

{¶ 16} Thus, we have clearly stated that grand jury proceedings are not special proceedings. This fact forecloses any reliance by appellants on R.C. 2505.02 (B)(2), which states that "[a]n order that affects a substantial right made in a special proceeding" is a final, appealable order. The implication of *Bernbaum* and *Polikoff* is that because they are not special proceedings, grand jury proceedings must be actions. While they do not fit under the definition of "action" set forth in R.C. 2307.01 and used by the Eighth District, we agree with appellants that the definition of "action" as set forth in our jurisprudence comports with a conclusion that grand jury proceedings are actions for the purpose of determining whether a final, appealable order exists under R.C. 2505.02.

{¶ 17} R.C. Chapter 2307 specifically addresses civil actions, rather than criminal or grand jury proceedings. We accordingly do not read R.C. 2307.01 as setting forth the authoritative definition of "action" in the context of this case. Instead, the definition supplied in *Bernbaum* is of more use. In that case, we established that "*any ordinary proceedings in a court of justice*, by which *a party prosecutes another for* the enforcement or protection of a right, *the redress or prevention of a wrong, or the punishment of a public offense*, *involving the process and pleadings, and ending in a judgment*, *is an action * * *.*" (Emphasis added.) *Bernbaum* at 446. Grand jury proceedings are ordinary proceedings conducted in courts of justice. During those proceedings, the state conducts a type of preliminary prosecution seeking to redress a wrong against the public—a crime—and to punish the offender. The proceedings involve the regular process of our criminal procedure and end in the grand jury's production of either a no bill decision or true bill decision, which will then result in a judgment for either the defendant or the state. Under the broader definition of "action" supplied in *Bernbaum*, a grand jury proceeding constitutes an action.

*Is an Order Enforcing a Grand Jury Subpoena and Ordering Production of Allegedly Privileged Information a Final Order?*

{¶ 18} Because we conclude that a grand jury proceeding constitutes an action, the next question before us is whether an order denying a motion to quash a grand jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy that is potentially subject to appeal pursuant to R.C. 2505.02(B)(4). R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to an action." As we have previously noted, the phrase "ancillary to an action" is undefined in the Revised Code. *State v. Muncie*, 91 Ohio St.3d 440, 448, 746 N.E.2d 1092 (2001). In *Muncie*, we held that for purposes of R.C. 2505.02(A)(3), " '[a]n ancillary proceeding is one that is attendant upon or aids another proceeding.' " *Id.* at 449, quoting *Bishop v. Dresser Industries*, 134 Ohio App.3d 321, 324, 730 N.E.2d 1079 (1999). We further noted that "ancillary" can be defined as " ' "describing a proceeding attendant upon or which aids another proceeding considered as principal." ' " *Muncie* at 449, quoting *Sorg v. Montgomery Ward & Co., Inc.*, 6th Dist. Erie No. E-98-057, 1998 WL 904945, *3 (Dec. 17, 1998), quoting *Black's Law Dictionary* 78 (5th Ed.1979). Applying these definitions, we held that a petition for forced medication under R.C. 2945.38 was a provisional remedy ancillary to a criminal action undertaken by the state against an incompetent defendant, because without the petition for forced medication, an incompetent defendant would likely never be restored to legal competency. *Muncie* at 450.

{¶ 19} We similarly hold that an order denying a motion to quash a grand jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy as defined by R.C. 2505.02(A)(3). A motion to quash a subpoena is a proceeding that aids the grand jury proceeding because the decision on the motion will either allow or deny the grand jury access to information that could be determinative in reaching a decision. The motion to

quash is accordingly "a proceeding ancillary to an action" and therefore a provisional remedy pursuant to R.C. 2505.02(A)(3).

{¶ 20} It thus remains for us to determine whether this provisional remedy qualifies as a final order pursuant to R.C. 2505.02(B)(4). That statute specifies that an order granting or denying a provisional remedy is a final order that may be appealed when two criteria are met:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 21} "An order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4)." *Burnham*, ___ Ohio St.3d __, 2016-Ohio-8000, __N.E.3d __, ¶ 30 (Court opinion). "Any order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials." *Id.* at ¶ 21. Applying this reasoning, we conclude that an order enforcing a grand jury subpoena and ordering production of allegedly privileged information similarly determines the action and prevents a judgment in favor of the appealing party with respect to the provisional remedy, for once the information is produced, it would no longer be possible to obtain a judgment preventing the disclosure of that information. The order in this case accordingly meets the criteria set forth in R.C. 2505.02(B)(4)(a).

{¶ 22} The second requirement in R.C. 2505.02(B)(4)—that the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment—allows for appeals when the need for immediate review outweighs the substantial interest in avoiding piecemeal litigation. *See id.* at ¶ 22. When a party is compelled to produce material protected by the attorney-client privilege, harm extends beyond the actual case being litigated and causes the loss of a right that cannot be rectified by a later appeal, and R.C. 2505.02(B)(4)(b) is accordingly satisfied. *Id.* at ¶ 2. Identical concerns are present in this case, so we similarly conclude that the second requirement in R.C. 2505.02(B)(4) is met in this case.[3]

{¶ 23} Because both criteria set forth in R.C. 2505.02(B)(4) are met in this case, we hold that an order enforcing a grand jury subpoena and ordering production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4).

{¶ 24} Our decision that a final order exists and that appeal is accordingly possible is consistent with the axiom that a grand jury does not have power to consider privileged information. "[T]he grand jury's subpoena power is not unlimited. It may consider incompetent evidence, but it may not itself violate a valid privilege, whether established by the Constitution, statutes, or the common law." *United States v. Calandra*, 414 U.S. 338, 346, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Our conclusion that an order enforcing a grand jury subpoena and ordering of allegedly privileged information is final and appealable thus fits within the

---

[3] In *Burnham*, we distinguished the protection provided by the attorney-work-product doctrine from the protection provided by the attorney-client privilege. *Id.* at ¶ 16. While in this case, appellants alleged protection arising from the attorney-client privilege, the attorney-work-product doctrine, and the common-interest doctrine, the propositions of law in this case specifically reference privileged materials. Our conclusion today that R.C. 2505.02(B)(4)(b) has been satisfied accordingly applies only to information alleged to be protected by privilege. Given the procedural posture of this case, we will not address whether the R.C. 2505.02(B)(4)(b) requirement is satisfied with regard to any information alleged to be protected by the attorney- work-product doctrine or the common-interest doctrine in this case.

framework of our criminal procedure, for the only way to prevent grand juries from potentially violating a privilege and forcing parties to disclose privileged information is to allow those parties the opportunity to appeal before divulging that information.

### III.  Conclusion

{¶ 25} We accordingly hold that an order denying a motion to quash a grand jury subpoena and ordering a party to testify or produce documents is an order granting or denying a provisional remedy within the meaning of R.C. 2505.02(A)(3).  Furthermore, an order enforcing a grand jury subpoena and ordering production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4).  We reverse the judgment of the Eighth District Court of Appeals holding that the trial court's order is not final, and we remand this cause to the court of appeals so that it may proceed with the appeal.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment and concurs in paragraph two of the syllabus.

KENNEDY, J., concurs in judgment only, with an opinion joined by FRENCH, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 26} I agree with the majority that a grand jury proceeding constitutes an action for purposes of determining whether a final, appealable order exists pursuant to R.C. 2505.02.  However, the fact that an order was issued in a grand jury proceeding, as opposed to a personal-injury action, is not relevant to a determination as to whether R.C. 2505.02(B)(4) is satisfied.  In other words,

regardless of whether the type of action in which an order to compel is issued is "unique," the R.C. 2505.02(B)(4) analysis is unaffected.

**{¶ 27}** R.C. 2505.02(B)(4) provides that an order that "grants or denies a provisional remedy" is a final appealable order if the order "determines the action with respect to the provisional remedy" and the "appealing party would not be afforded a meaningful or effective remedy by an appeal * * *." The majority's conclusion that the order at issue is a final, appeal order pursuant to R.C. 2505.02(B)(4) relies on this court's holding in *Burnham v. Cleveland Clinic*, ____ Ohio St.3d ___, 2016-Ohio-8000, ____ N.E.3d ____, which distorts the history of the work-product doctrine, ignores the constitutional underpinnings of Ohio's work-product doctrine, and misses the nuances of Civ.R. 26. *Id.* at ¶ 44 (Kennedy, J., concurring in judgment only). Therefore, I concur in judgment only.

**{¶ 28}** The appellants here moved to quash the subpoenas because the information sought was protected by the "attorney-client privilege, the attorney-work-product doctrine, and the common-interest doctrine." Majority opinion at ¶ 2. Without determining whether appellants' attorney-client privilege claim was colorable, the majority, relying on *Burnham*, held the following: "[W]hen a party is compelled to produce material protected by the attorney-client-privilege, harm extends beyond the actual case being litigated and causes the loss of a right that cannot be rectified by later appeal, and R.C. 2505.02(B)(4)(b) is accordingly satisfied." Majority opinion at ¶ 22.

**{¶ 29}** This analysis raises questions. Is the majority declaring that all a litigant need do to trigger a final, appealable order pursuant to R.C. 2505.02(B)(4)(b) is allege that the material sought is protected by the attorney-client privilege? Or does a trial court, in addition to having to determine whether the material is discoverable, also have to determine under which protected category a document falls to know whether the order is a final, appealable order?

**{¶ 30}** The majority answers appellants' first proposition of law with the following broad syllabus language. "[A]n order * * * ordering the production of *allegedly privileged* information is a final order pursuant to R.C. 2505.02(B)(4)." (Emphasis added.) Majority opinion at paragraph two of the syllabus.

**{¶ 31}** This syllabus language causes confusion. Is the majority declaring that all a litigant need do to qualify the order to release allegedly protected material as a final, appealable order pursuant to R.C. 2505.02(B)(4)(b) is *allege* that the material sought contains privileged information? Is the majority declaring that a trial court need only determine whether the privilege was adequately "alleged"? By "privileged," does the majority mean in the "strict" or "loose" sense? *See Burnham*, __ Ohio St. 3d __, 2016-Ohio-8000, ___ N.E.3d ___, ¶ 36. And does the trial court have to concern itself with the "source of the privilege"? *Id*. at 44.

**{¶ 32}** Regardless of how the majority attempts to avoid the problems this court created in *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, the time has come to set the matter right. But once again we fail, instead continuing the disservice we have done to the bar and bench that began in *Chen*. This court now requires "privilege" to be applied in its "strict sense," rather than its "loose sense," whatever these concepts mean, to determine whether an order compelling discovery of a privileged document is a final, appealable order. *Burnham* at ¶ 32 (Court opinion). As a result of this new legal architecture, trial courts must now consider materials protected by attorney-client privilege in a separate framework from those protected by work-product privilege, based on the source to the privilege. *Id.* Apparently, gray areas do not exist, and such distinctions are obvious.

**{¶ 33}** Furthermore, *Burnham* wrongly declared that the work-product privilege did not exist at common law, which is "[t]he body of law derived from judicial decisions, rather than from statutes or constitutions." *Black's Law Dictionary* 334 (10th Ed.2014). This pronouncement ignores a wealth of English

14

case law that "developed the concept of privilege to include all documents prepared by or for counsel with a view to litigation." *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947), fn. 9. Moreover, it also ignores that the work-product privilege predated *Hickman. Id. See also Ex parte Schoepf*, 74 Ohio St. 1, 15, 77 N.E. 276 (1906), overruled *in part on other grounds by ex parte Martin*, 141 Ohio St. 87, 47 N.E.2d 388 (1943), paragraph four of the syllabus (reports made in anticipation of possible litigation and that were in possession of counsel for use in the suit were privileged). Clearly, the pronouncements of the English courts, *Hickman*, and this court fall within the definition of common law.

**{¶ 34}** The majority's declaration also ignores the common-law component of the work-product privilege in this state. *See Burnham* at ¶ 35 (Kennedy, J., concurring in judgment only). The majority ignores our recent acknowledgement that Civ.R. 26 does not incorporate all the work-product doctrine. *Squire, Sanders & Dempsey, L.L.P v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 58 (work-product doctrine extends to intangible work product to which Civ.R. 26(B)(3) does not apply). Accordingly, common law controls the resolution of some of this category of disputes.

**{¶ 35}** Moreover, the majority's treatment of the work-product privilege diminishes the protection provided under the Civil Rules, notwithstanding that the court's authority to promulgate the rules is drawn from the Ohio Constitution. *See Burnham*, ___ Ohio St.3d ___, 2016-Ohio-8000, ___ N.E.3d ___, ¶ 34 (Kennedy, J., concurring in judgment only). Our procedural rules are controlling unless the legislature enacts a conflicting law that affects a substantive right. *See also Morris v. Morris*, ___Ohio St.3d ___, 2016-Ohio-5002, ___ N.E.3d ___, ¶ 30.

**{¶ 36}** The parsing of the term "privilege" in *Burnham* typifies the problem we have brought upon ourselves by failing to recognize that *Chen* was wrongly decided. In accord with my analysis in *Burnham* (Kennedy, J., concurring in judgment only), *Chen* should be overruled pursuant to the tripartite test in *Westfield*

*Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus.

{¶ 37} Accordingly, I concur in judgment only.

FRENCH, J., concurs in the foregoing opinion.

————————————

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer and Christopher D. Schroeder, Assistant Prosecuting Attorneys; and Daniel J. Kasaris, Senior Assistant Ohio Attorney General and Deputy Cuyahoga County Prosecuting Attorney, for appellee.

Walter Haverfield L.L.P., Ralph E. Cacarilla, and Darrell A. Clay; and Tucker Ellis L.L.P. and John F. McCaffrey, for appellant partnership.

Martin G. Weinberg, P.C., and Martin G. Weinberg; and Baker Hostetler, L.L.P., George A. Stamboulidis, and Lisa M. Ghannoum, for appellant president.

————————————