[Cite as *State v. Anderson*, 2013-Ohio-339.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3108** |
| RICARDO ANDERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 12C000076.

Judgment: Appeal dismissed.

*David P. Joyce*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Ricardo Anderson*, pro se, 12450 Merritt Road, Chardon, OH 44024 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Ricardo Anderson, appeals from the September 14, 2012 judgment of the Geauga County Court of Common Pleas denying his pro se "Motion to Terminate Counsel and Appoint New One."

{¶2} On October 10, 2012, appellee, the state of Ohio, filed a motion to dismiss for lack of jurisdiction. The state contends the trial court's judgment is not a final, appealable order under R.C. 2505.02.

**{¶3}** On October 19, 2012, appellant filed a pro se response. Appellant asserts that this court should overrule the state's motion to dismiss because the trial court's order affected his substantial right to adequate counsel.

**{¶4}** On October 25, 2012, appellant filed a pro se supplemental response. Appellant reiterated that his counsel is ineffective and that we should overrule the state's motion to dismiss because the trial court's judgment is a final order.

**{¶5}** In dealing with a similar matter, this court stated the following in *State v. Rivera*, 11th Dist. No. 2010-A-0037, 2010-Ohio-4559, ¶2-18:

**{¶6}** According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a 'final order' in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).

**{¶7}** Pursuant to R.C. 2505.02(B), there are seven categories of 'final orders,' and if a trial court's judgment satisfies any of them, it will be considered a 'final order' which can be immediately appealed and reviewed by a court of appeals.

**{¶8}** R.C. 2505.02(B) states, in part, that:

2

{¶9}   'An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶10}  '(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶11}  '(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶12}  '(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶13}  '(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶14}  '(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶15}  '(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶16}  '(5) An order that determines that an action may or may not be maintained as a class action;

{¶17}  '(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶18}  '(7) An order in an appropriation proceeding * * *.'

{¶19} The court in *Freer v. Loma Enters., Inc.*, 7th Dist. No. 98 CA 194, 1999 Ohio App.LEXIS 6422 (Dec. 30, 1999), held that an order denying a motion for disqualification of counsel is not an order that determines an entire action, vacates or sets aside a judgment, grants a new trial, or determines class action status, thereby making R.C. 2505.02(B)(1), (3), and (5) inapplicable. Additionally, * * * R.C. 2505.02(B)(6) and (7), having to do with the constitutionality of any changes to the Revised Code and appropriation proceedings, do not apply to the present matter.

{¶20} Furthermore, regardless of whether a substantial right has been affected in this case, the order was not made after judgment under R.C. 2505.02(A)(2). Moreover, the order was not made in a special proceeding as the underlying criminal action does not fit its definition as set forth in R.C. 2505.02(B)(2). *See State v. Saadey*, 7th Dist. No. 99 CO 49, 2000 Ohio App.LEXIS 3552, ¶7 (June 30, 2000); *State v. Williams*, 6th Dist. No. L-03-1070, L-03-1071, 2003-Ohio-2533, ¶21.

{¶21} Therefore, in order to be final and immediately reviewable by this court, it would have to be determined that the denial of the motion to disqualify is a provisional remedy under R.C. 2505.02(A)(3). In *Freer*, 1999 Ohio App.LEXIS 6422 at *7, the court held that '* * * a motion for disqualification of counsel is ancillary to the main action

4

and thus constitutes a provisional remedy as defined by R.C. 2505.02(A)(3).'

**{¶22}** The next step in the provisional remedy analysis would be to examine whether the requirements of R.C. 2505.02(B)(4) have been satisfied. When a court rules on a motion for disqualification, the resulting order determines the action with respect to the motion and prevents a judgment in favor of the appealing party with respect to the motion. *Freer*, 1999 Ohio App.LEXIS 6422 at *8.

**{¶23}** This court conceded that the order in *Rivera* satisfied the first prong of provisional remedy. The only remaining issue to examine was whether the second prong of provisional remedy—that the appealing party would not be afforded a meaningful or effective remedy by an appeal after the final judgment—had been satisfied.

**{¶24}** We went on to state the following in *Rivera* at ¶19:

**{¶25}** In concluding that the denial of a motion to disqualify is not a final appealable order and effectively reviewable after final judgment, the *Freer* court held that 'any allegation of damage to appellants' defense can be rectified. For instance, if appellants establish that they were prejudiced by the court's refusal to disqualify appellees' counsel, then appellants may receive a new trial. As a result, a decision in favor of appellants on an appeal after final judgment will not be a hollow victory.' 1999 Ohio App.LEXIS 6422 at *9. In addition, 'an immediate appeal is not mandated to afford appellants

5

a meaningful or effective review. 1999 Ohio App.LEXIS 6422 at

*10. *See also Bernbaum v. Silverstein*, 62 Ohio St.2d 445 (1980).

**{¶26}** In the present matter, like *Rivera*, the trial court's judgment denying appellant's pro se "Motion to Terminate Counsel and Appoint New One" does not satisfy any of the seven categories of "final orders" under R.C. 2505.02(B). In addition, we note that there is no other final order subject to appeal at this time since appellant has yet to be convicted and sentenced. *See* Crim.R. 32(C); *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.

**{¶27}** Thus, since the trial court's September 14, 2012 judgment is not a final, appealable order, we lack jurisdiction over this matter. Appellee's motion to dismiss is hereby granted.

**{¶28}** Appeal dismissed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6