[Cite as *State v. Barnes*, 2018-Ohio-3273.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105964**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BASIM BARNES**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607475-A

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 16, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:     Daniel T. Van
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Basim Barnes ("Barnes") is charged with five counts of gross sexual imposition, three counts of rape, and one count of kidnapping against Jane Doe I occurring on October 19, 2007. Barnes is also charged in counts six through nine for two rapes, an aggravated robbery, and kidnapping of Jane Doe II on February 2, 2009. If convicted, Barnes could potentially receive a life sentence of imprisonment.

{¶2} Counsel from the Cuyahoga County Public Defender's office was appointed to represent Barnes in the case. A conflict check of the public defender's office revealed that other counsel had represented one of the victims on two prior occasions.[1] Counsel discussed the matter with Barnes who expressed concern about the conflict, and counsel filed a motion to withdraw from the case on May 12, 2017.

{¶3} After a hearing on May 18, 2017, the trial court issued a June 2, 2017 judgment entry and opinion denying the motion. After the filing of the July 3, 2017 appeal, this court sua sponte ordered the parties to brief the following issue:

> Whether the denial of an appointed counsel's motion to withdraw as counsel due to an alleged conflict of interest is a final appealable order giving the indigent defendant a right to an interlocutory appeal.

## I. Final Appealable Order

{¶4} A defendant's right to counsel is guaranteed to be free from conflicts of interest by the Sixth Amendment to the United States Constitution. *Parma v. Fonte*, 8th Dist. Cuyahoga

---

[1] The office of the public defender is a "firm" pursuant to Prof.Cond.R. 1.0. Journal entry No. 99134195 (June 2, 2017), p. 4. Members of the office are therefore required to maintain client confidences. *Id.*

No. 99147, 2013-Ohio-3804, ¶ 68, citing *State v. Dillon*, 74 Ohio St.3d 166, 167, 657 N.E.2d 273 (1995). This inalienable right, Barnes argues, entitles him to an immediate appeal as a provisional remedy[2] under R.C. 2505.02(B)(4).

{¶5} R.C. 2505.02(B)(4) provides:

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

*Id.*

{¶6} Effectively, the statute prescribes a three-part test, each of which must be satisfied:

"(1) the order must either grant or deny relief sought in a certain type of proceeding — a proceeding that the General Assembly calls a 'provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

*State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 15, quoting *State v. Muncie*, 91 Ohio St.3d 440, 446, 746 N.E.2d 1092 (2001).

---

[2] "'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the

**{¶7}** The denial of motions to disqualify counsel are "ancillary proceedings" that are "not final and appealable under R.C. 2505.02(B)(4)." *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 19, citing *Bernbaum v. Silverstein*, 62 Ohio St.2d 445, 406 N.E.2d 532 (1980).

> The order is not final and appealable under R.C. 2505.02(B)(4), because even if the order is considered the denial of a provisional remedy, and even if the order determines the action and prevents a judgment in favor of the appealing party with respect to the provisional remedy, [the requesting party] will still be afforded a meaningful and effective remedy after a jury trial by way of appeal.

*Id*.

**{¶8}** Conversely, an order granting a motion to disqualify is a final appealable order because the effect will be "irreversible." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 10. " An order denying disqualification, however, lacks a similarly permanent effect." *Id*., citing *Russell v. Mercy Hosp*., 15 Ohio St.3d 37, 41, 472 N.E.2d 695 (1984). Delaying review of a denial "is consistent with the interests of judicial economy." *Russell* at ¶ 42.

**{¶9}** While motions to disqualify opposing counsel are more frequently used to remove opposing counsel in civil actions, they have also been employed in the criminal context where defendants seek to disqualify, or retain, their own counsel as they have a Sixth Amendment right to do. The denial of a defendant's right to be represented by "retained counsel" of the defendant's choice "is a final, appealable order." *Id*. at ¶ 21, citing *Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 18, citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).

---

Revised Code."  R.C. 2505.02(A)(3).

**{¶10}** The denial "results in a structural error that renders a postconviction appeal meaningless because the defendant has been irretrievably deprived of the counsel's advice and representation at trial." *Id.* at ¶ 21, citing *Chambliss* at ¶ 22. *See also State v. Gordon*, 152 Ohio St.3d 528, 2018-Ohio-259, 98 N.E.3d 251, ¶ 16.

**{¶11}** Indigent criminal defendants have a Sixth Amendment right to have counsel appointed by the court.[3] *State v. Ingram*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, ¶ 20, citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). That right "does not, however, guarantee that defendants will have their 'counsel of choice.'" *Id.*

**{¶12}** An indigent defendant is required to demonstrate that the relationship with counsel "has broken down to such a degree as to jeopardize [the] right to effective assistance of counsel." (Citations omitted.) *State v. Badran*, 8th Dist. Cuyahoga No. 90725, 2008-Ohio-6649, ¶ 8. The trial court is required to inquire into the indigent defendant's complaint regarding the assigned counsel and to "make the inquiry part of the record." (Citations omitted.) *Id.* The trial court conducted an extensive inquiry on the record in this case.

**{¶13}** In *State v. Anderson*, 11th Dist. Geauga No. 2012-G-3108, 2013-Ohio-339, ¶ 21, a defendant filed a "Motion to Terminate Counsel and Appoint New One." *Id.* at ¶ 1. The appellate court considered whether the trial court's denial of the motion was a final appealable order.

**{¶14}** The appellate court first determined that the denial of the motion to disqualify was a provisional remedy because it was "ancillary to the main action" pursuant to R.C. 2505.02(A)(3). *Id.* at ¶ 21. Satisfying this element allowed the court to shift its attention to the

---

[3] *See* R.C. Chapter 120, "Public Defenders."

next step, determining whether the elements of R.C. 2505.04(B)(4) were satisfied, constituting a final appealable order.

{¶15} The court observed that the first two elements of the statute were satisfied because "the resulting order determines the action with respect to the motion and prevents a judgment in favor of the appealing party with respect to the motion." *Id*. at ¶ 22, citing *Freer v. Loma Ents*., 7th Dist. Mahoning No. 98 CA 194, 1999 Ohio App. LEXIS 6422, at 7-8 (Dec. 30, 1999) (involving the disqualification of counsel in civil action). *See also Chambliss* 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 15, where the state conceded that the order denied a provisional remedy and the order determined the action with respect to that remedy.

{¶16} The remaining inquiry was whether the appellant would be denied "a meaningful or effective remedy by an appeal after the final judgment." *Anderson*, 11th Dist. Geauga No. 2012-G-3108, 2013-Ohio-339, ¶ 23. Citing portions of its decision in *Freer,* the court decided that any alleged damage could be rectified after judgment or conviction and that if an appellant could establish prejudice by the disqualification denial, the appellant could receive a new trial. *Id*. at ¶ 25. "As a result, a decision in favor of [appellant] on 'an appeal after final judgment will not be a hollow victory.' (Citation omitted.) In addition, 'an immediate appeal is not mandated to afford [appellant] a meaningful or effective review.'" *Id*., citing *Freer* at *10, and *Bernbaum*, 62 Ohio St.2d 445, 406 N.E.2d 532.

{¶17} We find that the facts of this case are unique and require a different result than in *Freer*. Counsel pointed to a specific conflict of interest between a current client who is charged with a crime against a former client. The current client agreed that counsel should withdraw. Barnes has the Sixth Amendment right to be represented by counsel who is not burdened by a conflict of interest. "The principles of loyalty and independent judgment are fundamental to the

attorney-client relationship and underlie the conflict of interest provisions of these rules." Prof.Cond.R. 1.7, cmt. 1.

{¶18} Prof.Cond.R. 1.7 applies to conflicts of interest involving current clients. *Id.* Pertinent to the instant case, Prof.Cond.R. 1.7(a)(2) provides that a conflict of interest exists where "there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities" "to a former client." *Id.*

{¶19} Though Prof.Cond.R. 1.7(b) allows for the clients to give consent in writing to the representation, Prof.Cond.R. 1.7(c) provides that

(c)  Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:

(1)  the representation is prohibited by law;

(2)  the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding.

{¶20} Counsel also expressed his concern about violating the duty of confidentiality under Prof.Cond.R. 1.6 through 1.9. As is the case with Prof.Cond.R. 1.7, a former client may waive confidentiality in writing, however:

(c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter do either of the following:

(1)  use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known;

(2)  reveal information relating to the representation except as these rules would permit or require with respect to a client.

*Id.* Prof.Cond.R. 1.9, like Prof.Cond.R. 1.7, prevents counsel from zealously representing Barnes.

**{¶21}** Generally, "[t]he denial of a party's motion to disqualify his or her *opponent's* attorney does not implicate the same concerns and does not render a postconviction appeal meaningless." (Emphasis sic.) *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 22. However, we find that under the unique circumstances of this case involving acknowledged conflict and confidentiality issues as well as a defendant-victim relationship, there would be no "meaningful review of the decision" after final judgment. R.C. 2505.02(B)(4); *Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 15.

**{¶22}** In this case, "there is no remedy on appeal that can 'unring the proverbial bell.'" *Kenneth's Hair Salons & Day Spas, Inc. v. Braun*, 10th Dist. Franklin No. 17AP-816, 2018-Ohio-186, ¶ 10, citing *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 166 Ohio App.3d 118, 2006-Ohio-1347, 849 N.E.2d 297, ¶ 13 (10th Dist.).

**{¶23}** We also find that our decision allowing immediate appeal from the pretrial denial of a motion to withdraw by Barnes and his counsel supports the policy of preventing the "waste of scarce judicial resources." *Chambliss* at ¶ 22.

**{¶24}** In light of our finding, we move forward with addressing the merits of the case.

## II. Assignment of Error

**{¶25}** Barnes's single assigned error asks whether the trial court erred by denying the public defender's motion to withdraw due to a conflict of interest, violating Barnes's Sixth Amendment right to representation that is free from conflicts of interest. We find that it did.

**{¶26}** Attorneys Spadaro, Stanard, and Tylee are attorneys with the public defender's office. Spadaro is assigned to represent Barnes in the current action, a nine-count indictment involving sexual assaults against Jane Doe I and Jane Doe II committed on or about October 19, 2007. Tylee represented Jane Doe I from November 12, 2014 to April 15, 2015 for one count of domestic violence and two counts of felonious assault. Stanard represented Jane Doe I from June 8, 2007 until September 20, 2007. Both cases resulted in dismissal of the charges.

**{¶27}** Barnes states that the prior representation poses a conflict between Spadaro's duty to zealously represent Barnes and the duty of confidentiality and loyalty to the public defender's former client, Jane Doe I.

> I have a duty to represent my client in this case, Mr. Barnes, zealous [sic] within the bounds of the law. And to me that includes, among other things, a thorough investigation of the complaining witness. That's not always such an easy task, of course, from the defense perspective. But because my office has represented that party, I have an advantage in that respect.
>
> * * *
>
> Because I have a duty to represent Mr. Barnes zealously, so that includes investigating, to the best of my ability, however, I can legally, what I can learn about [Jane Doe I]. And I have access to this file and the lawyer that represented her.

(Tr. 5-6.)

**{¶28}** Spadaro also explained that his duty to cross-examine Jane Doe I in this case is impeded by his duty to Jane Doe I as a former client, infringing Barnes's right to the effective assistance of counsel.

> [E]ffective assistance of counsel includes, amongst other things, a — an attorney client-relationship that has its foundation in trust. Mr. Barnes should be able to trust his lawyer, that his lawyer is doing everything he can to zealously represent him.

(Tr. 11.)

**{¶29}** As we acknowledged in our analysis of the finality issue, a defendant's right to counsel is guaranteed to be free from conflicts of interest by the Sixth Amendment to the United States Constitution. *Fonte*, 8th Dist. Cuyahoga No. 99147, 2013-Ohio-3804, ¶ 68, citing *Dillon*, 74 Ohio St.3d 166, 167, 657 N.E.2d 273.

**{¶30}** The trial court agrees that Barnes is entitled to conflict-free representation, and acknowledges that "[t]here is no doubt that the interests" of Barnes and Jane Doe I conflict. Journal entry No. 99134195 (June 2, 2017), p. 4. The trial court also recognized "Spadaro has demonstrated that he owes the duty of confidentiality to [Jane Doe I]." *Id*.

> Prof.Cond.R. 1.9(c) * * * is not a prohibition against representation where a former client is involved, but imposes a duty on a lawyer in the form of a restriction on the use of information acquired during representation. That rule provides that a lawyer whose firm has formerly represented a client in a matter shall not thereafter use information relating to the representation to the disadvantage of the former client, unless the information has become generally known, or reveal information relating to the representation.

*Id*. at 5.

**{¶31}** The trial court concluded, assuming arguendo that the public defender's files "contain confidences and secrets disclosed to them by [Jane Doe I] that would be useful in defending" Barnes, Spadaro would "have only a duty to refrain from using [Jane Doe I's] confidential information to her disadvantage." *Id*. at 6. The trial court rejected the assertion that Barnes "deserves a lawyer who at least appears to be doing everything possible to defend him" determining that "every attorney outside of the public defender's office" would be at the same disadvantage of not having access and use of any confidential information contained in the files of Jane Doe I. *Id*. at 5-6.

**{¶32}** A trial court has broad discretion in determining whether to remove court-appointed counsel. *State v. Patterson*, 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621, ¶

An appellate court reviews the trial court's decision to determine whether that discretion has been abused. *Id.* An "abuse of discretion" implies that the court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶33}** Barnes has been charged with the sexual assault of Jane Doe I, an assault that allegedly occurred in October 2007, mere weeks from the conclusion of the public defender's representation of Jane Doe I in the first case, and before representation in the 2014 case. "Disqualification is appropriate when an attorney accepts employment in a case involving a former client where there is a substantial relationship between the existing controversy and the prior representation." *State v. Henry,* 6th Dist. Lucas No. L-12-1209, 2013-Ohio-2247, ¶ 17, citing *In re Smith*, 11th Dist. Ashtabula Nos. 2005-A-0048 and 2005-A-0056, 2007-Ohio- 893, ¶ 66, citing *Morford v. Morford*, 85 Ohio App.3d 50, 57, 619 N.E.2d 71 (4th Dist.1993).

**{¶34}** "A lawyer must decline a new representation that would create a conflict of interest, unless representation is permitted under division (b)." Prof.Cond.R. 1.7, cmt. 4. Prof.Cond.R. 1.7(b) states that an attorney "shall not" represent a client where a conflict exists or "would be created" "unless all of the following apply:

> (1) the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) each affected client gives informed consent, confirmed in writing;
>
> (3) the representation is not precluded by division (c) of this rule.

This exception does not apply.

**{¶35}** Spadaro asserts and Barnes agrees that there is a substantial risk that the conflict in this case will prevent Spadaro from providing competent and diligent representation without impacting the duty of confidentiality to Jane Doe I. The trial court concluded that a conflict

exists but determined that Spadaro could provide effective assistance of counsel in spite of the conflict. We disagree with the trial court's finding, and find that a substantial risk does exist in this case where the interests of Barnes as the accused and Jane Doe I as the alleged victim are directly divergent.

**{¶36}** We find that a conflict has been established. The trial court abused its discretion in denying the motion to withdraw in this case. Barnes's assigned error has merit.

## III. Conclusion

**{¶37}** The trial court's judgment is reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., J., CONCURS;
EILEEN T. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION

EILEEN T. GALLAGHER, P.J., DISSENTING:

**{¶38}** I respectfully dissent from the majority's determination that the denial of a motion to withdraw as counsel is a final appealable order. Assuming the trial court's judgment denied

the defendant a provisional remedy, I would find the denial of counsel's motion to withdraw does not satisfy the requirements of R.C. 2505.02(B)(4).

> In order to qualify as a final, appealable order under R.C. 2505.02(B)(4), three requirements must be satisfied (1) the order must grant or deny a provisional remedy as that term is defined in the statute, (2) the order must in effect determine the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action.

*State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 42, citing *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 15; *State v. Muncie*, 91 Ohio St.3d 440, 446, 746 N.E.2d 1092 (2001).

{¶39} In my view, there is nothing in this record to suggest that the defendant "would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(b). At this point, defense counsel's motion to withdraw is premised on potential conflicts that may arise during counsel's preparation for trial. If, during the course of the action, defense counsel encounters the conflicts that were referenced in the motion to withdraw, the record will be further developed for the reviewing court to ultimately determine whether the trial court's denial of the motion was error. If the defendant can establish that he was prejudiced by the court's denial of the motion to withdraw, then the defendant may receive a new trial. As a result, a decision in favor of the defendant on an appeal after final judgment "'will not be a hollow victory.'" *State v. Anderson*, 11th Dist. Geauga No. 2012-G-3108, 2013-Ohio-339, ¶ 25, quoting *Freer v. Loma Ents.*, 7th Dist. Mahoning No. 98CA194, 1999 Ohio App. LEXIS 6422, 9 (Dec. 30, 1999).

{¶40} While the majority concludes that the trial court's judgment improperly ignored an established conflict, I believe such a holding is premature and does not comply with statutory

requirements of R.C. 2505.02(B)(4).   Accordingly, I would dismiss this appeal for lack of a final appealable order.