EILEEN T. GALLAGHER, P.J., DISSENTING:
 

 {¶ 38} I respectfully dissent from the majority's determination that the denial of
 a motion to withdraw as counsel is a final appealable order. Assuming the trial court's judgment denied the defendant a provisional remedy, I would find the denial of counsel's motion to withdraw does not satisfy the requirements of R.C. 2505.02(B)(4).
 

 In order to qualify as a final, appealable order under R.C. 2505.02(B)(4), three requirements must be satisfied (1) the order must grant or deny a provisional remedy as that term is defined in the statute, (2) the order must in effect determine the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action.
 

 State v. Anderson
 
 ,
 
 138 Ohio St.3d 264
 
 ,
 
 2014-Ohio-542
 
 ,
 
 6 N.E.3d 23
 
 , ¶ 42, citing
 
 State v. Upshaw
 
 ,
 
 110 Ohio St.3d 189
 
 ,
 
 2006-Ohio-4253
 
 ,
 
 852 N.E.2d 711
 
 , ¶ 15 ;
 
 State v. Muncie
 
 ,
 
 91 Ohio St.3d 440
 
 , 446,
 
 746 N.E.2d 1092
 
 (2001).
 

 {¶ 39} In my view, there is nothing in this record to suggest that the defendant "would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(b). At this point, defense counsel's motion to withdraw is premised on potential conflicts that may arise during counsel's preparation for trial. If, during the course of the action, defense counsel encounters the conflicts that were referenced in the motion to withdraw, the record will be further developed for the reviewing court to ultimately determine whether the trial court's denial of the motion was error. If the defendant can establish that he was prejudiced by the court's denial of the motion to withdraw, then the defendant may receive a new trial. As a result, a decision in favor of the defendant on an appeal after final judgment " 'will not be a hollow victory.' "
 
 State v. Anderson
 
 , 11th Dist. Geauga No. 2012-G-3108,
 
 2013-Ohio-339
 
 ,
 
 2013 WL 431056
 
 , ¶ 25, quoting
 
 Freer v. Loma Ents.
 
 , 7th Dist. Mahoning No. 98CA194,
 
 1999 WL 1279153
 
 , at *3 (Dec. 30, 1999).
 

 {¶ 40} While the majority concludes that the trial court's judgment improperly ignored an established conflict, I believe such a holding is premature and does not comply with statutory requirements of R.C. 2505.02(B)(4). Accordingly, I would dismiss this appeal for lack of a final appealable order.